[Cite as *Kohman v. Kohman*, 2012-Ohio-1515.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEBORAH A. KOHMAN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11CA63 |
| NELSON E. KOHMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 07 DR 1744


JUDGMENT:    AFFIRMED IN PART; REVERSED AND
REMANDED IN PART


DATE OF JUDGMENT ENTRY:    March 27, 2012


APPEARANCES:

For Appellant:

DAVID W. WENGER
Reese, Pyle, Drake & Meyer, P.L.L.
36 N. Second St.
P.O. Box 919
Newark, OH 43058-0919

For Appellee:

STEPHEN B. WILSON
35 S. Park Place
Suite 150
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Nelson E. Kohman appeals the May 13, 2011 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division denying Appellant's motion for relief from judgment. Plaintiff-Appellee is Deborah A. Kohman.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Appellee were married on January 23, 1993. One minor child was born of the marriage on April 3, 1995. On December 4, 2007, Appellee filed a complaint for divorce with the Licking County Court of Common Pleas, Domestic Relations Division. A visiting judge was assigned to hear the complaint.

{¶3} The parties determined it was in their best interests to have the complaint for divorce heard by an arbitrator. On September 21, 2009, the matter was assigned to binding arbitration and an arbitrator was appointed. Appellee was represented by counsel. Appellant proceeded pro se but consulted with a certified public accountant.

{¶4} The parties entered into a separation agreement on December 23, 2009. Pertinent to this appeal, the terms of the separation agreement were as follows:

> 3. <u>Personal Property</u>. Wife shall retain as her sole and exclusive property, and husband hereby releases to wife all of his right, title and interest therein, all of the household goods, furnishings, appliances, equipment and other personal property in and around the premises of the wife's residence located at * * *, or otherwise in the wife's possession and control.

\* \* \*

**ARTICLE 8.  INCOME TAX MATTERS**

The parties agree to file joint federal, state and local income tax returns for the calendar year of 2009.  The wife shall be responsible for causing the preparation and the timely filing of such tax returns by a certified public accountant.  Upon presentation to him by such certified public accountant, the husband shall sign any such tax returns, including any applications for an extension to file late income tax returns, after such documents already have been signed by the wife, together with an extra copy of any such document for the husband to retain for his personal records.  In addition, the husband shall cooperate in the preparation of such returns by promptly honoring any written requests from such certified public accountant for the production of any of his personal tax-related information or records that the certified public accountant deems necessary in order to prepare such returns accurately.  All costs and expenses incurred in preparing the joint federal, state and local income tax returns for the year 2009 shall be paid by the wife.  Any income taxes owed to the state or federal government, including interest, deficiencies and penalties for the calendar year of 2009, shall be paid equally by the parties and any income tax refunds and any tax carry over benefits arising out of any such federal and/or state income tax returns for 2009 shall be divided equally between the parties.

Effective on and after the date of execution of this Agreement, both parties agree further not to assert a position in the preparation and filing of their future income tax returns for 2010 and thereafter, whether singly or jointly with another, inconsistent with the terms and conditions of this Agreement, including, but not limited to, not reporting Spousal Support (alimony) payments accurately as taxable income or claiming the minor child as a dependent in years not authorized by the parties' Shared Parenting Plan attached hereto as Exhibit A and made a part thereof. This entire Article 8 shall survive a subsequent judgment of divorce and shall have independent legal significance.

{¶5} On January 7, 2010, the trial court entered an Agreed Entry of Judgment – Decree of Divorce. The Decree incorporated the separation agreement.

{¶6} Appellant filed a motion for relief from judgment on January 6, 2011. In his motion, Appellant requested relief from the Decree of Divorce based on the parties' 2009 joint income tax returns and the personal property division. Attached to his motion were his affidavit, the affidavit of his certified public accountant, and the affidavit of the arbitrator.

{¶7} Appellant first argued he was entitled from relief from judgment based on the parties' 2009 joint income tax return. Appellant urged the trial court to grant him relief by ordering Appellee to provide him documents and other information related to the filing of the parties' 2009 joint federal, state, and local income tax returns. In the separation agreement, the parties agreed Appellee would be responsible for the

preparation of the joint income tax returns because Appellee is a certified public accountant and works for a public accounting firm.

{¶8} Prior to and during the marriage, Appellee was a shareholder in D.B.M. Co., Inc., an S-Corporation. Appellee's interest in D.B.M. Co., Inc. is Appellee's separate property. William Wright, Appellee's father, is the president of D.B.M. Co., Inc.

{¶9} William Wright dissolved D.B.M. Co., Inc. on December 30, 2009. Appellant alleges the shareholder resolution was signed on December 16, 2009 before the parties signed the separation agreement. In support of his allegation, Appellant attached to the affidavit of Appellant's CPA filed with his memorandum for relief a copy of the Certificate of Dissolution filed with the Ohio Secretary of State. One section of the form states, "The undersigned have been authorized to execute and file this certificate by a resolution adopted: In writing signed under provisions of section 1701.54 of the ORC by all the shareholders who would be entitled to a notice of the meeting held for such purpose declaring that the corporation elects to wind up its affairs and dissolve." That section is signed by William Wright and his signature is dated "12/16/09." Another section of the form states, "The undersigned, being first duly sworn, declares that on the dates indicated below, each of the named state governmental agencies was advised IN WRITING of the scheduled date of the filing of the Certificate of Dissolution and was advised IN WRITING of the acknowledgement by the corporation of the applicability of the provisions of Section 1701.95 of the ORC." The form states the Ohio Department of Taxation was notified on December 22, 2009. Ohio Job and Family Services and the Ohio Bureau of Workers'

Compensation were notified on December 23, 2009. The Licking County Treasurer was notified on December 24, 2009.

{¶10} As a result of the dissolution, Appellant reported a capital gain on the 2009 federal joint income tax return from D.B.M. Co., Inc. in the amount of $538,054. Appellee utilized a joint capital loss carry forward of $573,616 from the 2008 tax year to offset Appellee's capital gain.

{¶11} In preparing the 2009 income tax returns, Appellee secured a filing extension until October 15, 2010. Appellant states he first became aware of the capital gain when he was provided the 2009 income tax return to sign. Appellant states he and his certified public accountant attempted to gain information as to the genesis of the capital gain, but Appellee was not forthcoming with the documentation. Appellant did not agree with the tax return, but he signed the 2009 federal income tax return on October 14, 2010.

{¶12} Appellant argues Appellee's use of the parties' capital loss carry forward of $573,616 from 2008 to offset the $528,054 capital gain from D.B.M. Co., Inc. in 2009 adversely affected Appellant's ability to use capital loss carry forwards for future income tax purposes, of which the parties agreed in the separation agreement to divide equally in the future. Appellant alleges Appellee knew the shareholders were going to dissolve D.B.M. Co., Inc. during the arbitration process and Appellee should have made Appellant aware the 2009 joint federal income tax return would include the $528,054 capital gain from her separate property in D.B.M. Co., Inc. If Appellant had known of the tax impacts, he may not have agreed to joint income tax returns.

{¶13} Appellant next argued in his motion for relief from judgment that Appellee still possessed Appellant's property at her home. Appellant claimed it was mutual mistake the property was not returned to him.

{¶14} Appellee responded to the motion for relief from judgment with her affidavit and an affidavit from William Wright. Appellee states Appellant was well aware of her interest in D.B.M. Co., Inc. because the capital gains and losses from D.B.M. Co., Inc. were included in the joint income tax returns filed during the pendency of their marriage. Appellee alleges it was William Wright's decision to dissolve D.B.M. Co., Inc. The decision to dissolve the corporation was based on a conversation between William Wright and the parties' arbitrator in December 2009. The parties named the arbitrator as the Trustee of their Real Estate Management Trust created by the separation agreement. One of the interests of the Real Estate Management Trust is Warner Farms Development Ltd. D.B.M. Co., Inc. held a note against Warner Farms. The trustee/arbitrator informed William Wright of his intention to pay off the note. Based on this payoff, William Wright decided to dissolve D.B.M. Co., Inc.

{¶15} Appellant states the shareholder resolution dissolving the corporation shows it was signed on December 26, 2009, after the separation agreement was signed on December 23, 2009. William Wright's affidavit also states the resolution was adopted on December 26, 2009. Appellee states the 2008 capital losses were generated from mutual funds held in her social security number only. A capital loss carry forward remains in the amount of $236,899. Appellee alleges there was no

reduction in the federal income tax refund amount due the parties as a result of reporting the capital gain nor was there a cash benefit to Appellee.

{¶16} As to Appellant's second argument, Appellee stated there was no mutual mistake as to the division of the personal property. Appellee stated the parties separated on December 4, 2007 and did not reside together after that date.

{¶17} On May 13, 2011, the trial court denied the motion for relief from judgment without holding an evidentiary hearing.

{¶18} It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶19} Appellant raises two Assignments of Error:

{¶20} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S CIV.R. 60(B) MOTION FOR RELIEF FROM THE PARTIES' JUDGMENT DECREE OF DIVORCE WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING ON THE ISSUE OF APPELLEE'S NON-DISCLOSURES REGARDING THE SUBSTANTIAL CAPITAL GAIN RESULTING FROM HER SPECIAL INTEREST IN D.B.M. CO., INC.

{¶21} "II. THE COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S CIV.R. 60(B) MOTION FOR RELIEF FROM THE PARTIES' JUDGMENT DECREE OF DIVORCE WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING ON THE ISSUE OF THE PHYSICAL DIVISION OF THEIR PERSONAL PROPERTY."

**ANALYSIS**

*STANDARD OF REVIEW*

{¶22} Appellant argues in his first and second Assignments of Error the trial court abused its discretion when it failed to conduct an evidentiary hearing on Appellant's motion for relief from judgment.

{¶23} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, (1983).

{¶24} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶25} The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.*, 5th Dist. No. CA–8553, 1991 WL 242070 (October 21, 1991). In *Cogswell*, this Court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the

motion and supporting evidence contain sufficient allegations of operative facts that would support a meritorious defense to the judgment. *Cogswell*; *BancOhio National Bank v. Schiesswohl*, 51 Ohio App.3d 130, 554 N.E.2d 1362 (9th Dist.1988).

{¶26} "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). Generally, "[i]t is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *In re Estate of Kirkland*, 2nd Dist. No. 2008-CA-57, 2009-Ohio-3765, ¶ 17, citing *Boster v. C & M Serv., Inc.*, 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (10th Dist.1994) (emphasis in original).

{¶27} Under this standard of review, we consider Appellant's first and second Assignments of Error.

*I.*

{¶28} Appellant argues in his first Assignment of Error the trial court abused its discretion when it denied Appellant's motion for relief from judgment without first holding an evidentiary hearing on Appellant's claim he was entitled to relief based on the 2009 joint federal income tax return. We agree.

{¶29} On this issue, Appellant claimed he was entitled to relief from judgment under Civ.R. 60(B)(1), (2), (3), and (5). The trial court found Appellant was not entitled to relief under any of the sections. We review each section in turn.

{¶30} Civ.R. 60(B)(1) states a party may be granted relief from judgment if there was "mistake, inadvertence, surprise or excusable neglect." In his motion,

Appellant argued he was entitled to relief based on his surprise at the 2009 federal income tax return capital gain reporting. Appellant then alleged Appellee's non-disclosure of the capital gain was due to inadvertence or excusable neglect. The trial court found Appellant's supporting affidavits failed to allege operative facts of Appellee's surprise or Appellant's inadvertence or excusable neglect.

{¶31} Civ.R. 60(B)(2) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for [reason of] * * * newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." The trial court found that because Appellee had reported capital gains and losses from D.B.M. Co., Inc. on past income tax returns, Appellant should have considered the capital gains or losses from D.B.M. Co., Inc. and the impact on filing a joint 2009 income tax return before entering into the separation agreement.

{¶32} Civ.R. 60(B)(3) provides there may be relief from a judgment if there is a "a fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." The trial court again found Appellant knew or should have known D.B.M. Co., Inc. would be a factor in the 2009 income tax returns which Appellant agreed to file jointly.

{¶33} Finally, Civ.R. 60(B)(5) grants relief for any other reason justifying relief from the judgment. The trial court found this factor was not applicable to the appeal.

{¶34} Upon our review of the record, we find Appellant has provided supportive affidavits containing allegations of operative facts that support a meritorious defense, entitling Appellant to an evidentiary hearing on his motion for relief on his claim

regarding the 2009 income tax return.  In presenting a meritorious defense under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988).  A review of the affidavit evidence shows there is a genuine question of whether Appellee knew before the separation agreement was signed on December 23, 2009 that the shareholders dissolved D.B.M. Co., Inc.  There is a conflict between Appellant's and Appellee's affidavit evidence as to whether the shareholders agreed to dissolve D.B.M. Co., Inc. on December 16, 2009 or December 26, 2009.  The dissolution of D.B.M. Co., Inc. created a significant capital gain for Appellee which was offset on the 2009 joint federal income tax return with the parties' joint 2008 capital losses, impacting Appellant's ability to use the joint capital losses in the future.  We find these circumstances implicate Civ.R. 60(B)(3).

{¶35} Our decision does not determine Appellant's success on his claim for relief from judgment on the issue of the 2009 income tax return.  Our resolution is limited to the finding that Appellant successfully argued the trial court abused its discretion in denying the motion for relief from judgment without first holding an evidentiary hearing.

{¶36} Appellant's first Assignment of Error is sustained.

*II.*

{¶37} Appellant argues in his second Assignment of Error the trial court abused its discretion in denying Appellant's motion for relief from judgment on the issue of the property division.  We disagree.

{¶38} The separation agreement, entered into on December 23, 2009, clearly stated each party shall retain as their sole and exclusive property the personal property located at their respective residences.  Appellant argued he left personal property at Appellee's residence and the separation agreement dividing the personal property was based on mutual mistake.

{¶39} Appellee stated the parties were separated and no longer resided together since 2007.  Although the property arguably retained by Appellee was very personal to Appellant, we find no abuse of discretion by the trial court in finding Appellant was not entitled to relief from judgment on this issue without first holding an evidentiary hearing.

{¶40} Appellant's second Assignment of Error is overruled.

## CONCLUSION

{¶41}  Based on the forgoing, we sustain Appellant's first Assignment of Error and overrule Appellant's second Assignment of Error.

{¶42} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed in part.  The matter is remanded to the trial court for further proceedings consistent with this opinion and judgment.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE

[Cite as *Kohman v. Kohman*, 2012-Ohio-1515.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DEBORAH A. KOHMAN : 
 : 
 : 
 Plaintiff-Appellee : 
 : 
-vs- : JUDGMENT ENTRY
 : 
NELSON E. KOHMAN : 
 : 
 : Case No. 11CA63
 Defendant-Appellant : 

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings consistent with this opinion and judgment. Costs to be split between Appellant and Appellee.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JOHN W. WISE