[Cite as *Shidaker v. Shidaker*, 2026-Ohio-1494.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| TODD W. SHIDAKER, | Case No. 25 CAF 11 0098 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 20 DRB 03 0128 |
| LYNETTE L. SHIDAKER, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: April 23, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** CHRISTOPHER J. TAMMS, for Plaintiff-Appellee; LYNETTE L. SHIDAKER, Pro Se, Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-Appellant, Lynette L. Shidaker ("Appellant"), appeals the trial court's Judgment Entry filed on October 6, 2025, that denied her Motion to Reopen, Motion for Relief from Judgment Under Fed. C.R. 60, Motion for Oral Trial, and Motion for Proper Sanctions. For the reasons set forth below, we affirm the trial court's decision.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellant and Plaintiff-Appellee, Todd W. Shidaker ("Appellee"), were married on July 20, 1996, and have two children as issue of their marriage. Appellant and Appellee ceased living together in 1999.

{¶3} Appellee filed a Complaint for Legal Separation and Appellant filed a Counterclaim for Divorce in the Domestic Relations Division of the Delaware County Court of Common Pleas in 2020.

{¶4} A three-day trial was held on Appellee's Complaint and the magistrate issued a Magistrate's Decision on January 7, 2022.

{¶5} Both parties filed objections to the January 7, 2022, Magistrate's Decision.

{¶6} The trial court ruled on the parties' objections and granted the parties' a divorce through its Judgment Entry filed on May 31, 2023.

{¶7} Neither party appealed the trial court's May 31, 2023, Judgment Entry.

{¶8} Appellant filed a Motion to Reopen, Motion for Relief of Judgment Under Fed. C.R. 60, Motion for Oral Trial, Motion for Proper Sanctions on May 31, 2024.

{¶9} Appellant's motion requested the following:

1.    An order vacating the May 31, 2023, Judgment Entry;

2.    An order for a second trial or indefinite spousal support;

3.    An order correcting the term of spousal support; and

4.    An order sanctioning the magistrate, her counsel, Appellee's counsel, Dr. Lowenstein and the Delaware County Clerk of Courts.

{¶10} The trial court denied Appellant's motion through its Judgment Entry filed on October 6, 2025.

## ASSIGNMENTS OF ERROR

{¶11} Appellant has appealed the trial court's October 6, 2025, Judgment Entry and sets forth the following assignments of error:

{¶12} "I.   ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED BY DISMISSING WIFE'S 60(B) WITHOUT HOLDING A HEARING AND BASED ON A) DELAYED TIMING B) MERIT C) SUBSTITUTE FOR APPEAL D) LACK OF FRAUD UPON THE COURT AND E) INEFFECTIVE COUNSEL."

{¶13} "II. ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED IN THE PROCEDURAL HISTORY THAT WAS NOT COMPLETE, HAD PROCEDURAL ABUSES AND ABUSES OF POWER, AND WAS BIASED IN NATURE."

{¶14} "III.  ASSIGNMENT OF ERROR NO. 3: THE TRIAL COURT ERRORED [SIC] BY SEGREGATING THE TIMING OF THE MOTION FOR 60B AND THE DISCOVERY OF MISSING TRANSCRIPTS WHILE CLAIMING THAT IT WAS HANDLED AND THAT HE MUST HAVE READ THE ENTIRE TRANSCRIPT BEFORE MAKING HIS JUDGEMENT [SIC]. ADDITIONALLY, DISMISSING THE ROLE OF THE CLERK OF COURTS BY DECIDING THAT A CLAIM AGAINST HER WOULD BE UNTIMELY."

{¶15} "IV. ASSIGNMENT OF ERROR NO. 4: THE TRIAL COURT ERRORED [SIC] AS IT SAID THAT THE UNDERLYING CASE WAS HANDLED PROPERLY, YET NEVER ADDRESSED ANY EVIDENCE, MISTAKES IN FACTS AND FINDINGS, AND ERRORS OF LAW ON THE FACE OF ITS ORIGINAL JUDGEMENT [SIC] BECAUSE OF THE FRAUD."

{¶16} "V.   ASSIGNMENT OF ERROR NO. 5: THE TRIAL COURT ERRED BY SUGGESTING THAT THE COURT ORIGINALLY ACCEPTED THE ORIGINAL JUDGEMENT'S [SIC] RULING ON NUMBER OF YEARS FOR SPOUSAL SUPPORT. THUS, DENYING THE ABILITY TO CHANGE NOW AND IT WOULD BE SUBSTANTIAL IN NATURE UNDER 60(A)."

**{¶17}** "VI. <u>ASSIGNMENT OF ERROR NO. 6</u>: THE TRIAL COURT ERRED IN THEIR SUGGESTED INABILITY TO MAKE SANCTIONS ON OFFICERS OF THE COURT. AND, THAT THE OPPOSING PARTY'S THIRD-PARTY EXPERT WAS NOT AN OFFICER OF THE COURT AND IT WAS UNABLE TO SANCTION THE EXPERT."

**{¶18}** "VII. <u>ASSIGNMENT OF ERROR NO. 7</u>: THE TRIAL COURT ERRED WHEN STATING THAT WIFE WANTED A NEW TRIAL."

## STANDARD OF REVIEW

**{¶19}** The decision on whether to grant a motion for relief from judgment under Civil Rule 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, (1987). An appellate court reviews a trial court's dismissal of a 60(B) motion under an abuse of discretion standard. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, (1983).

## ANALYSIS

### Civ.R. 60(B) Motion for Relief from Judgment

**{¶20}** Appellant's first and third assignments of error both assert that the trial court erred in dismissing her 60(B) motion. Therefore, these assignments will be addressed together.

**{¶21}** Ohio Civil Rule 60(B) sets forth grounds for relief for inadvertence, excusable neglect, newly discovered evidence and fraud.

**{¶22}** Civ.R. 60(B) states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise or excusable neglect;

(2)     Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3)     Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4)     The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5)     Any other reason justifying relief from the judgment.

{¶23} The Supreme Court of Ohio has stated:  To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not  more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 146 (1976).

{¶24} This Court has found that a trial court is not required to hold a hearing on a Civ.R. 60(B) motion unless there exists issues supported by evidentiary quality affidavits. "A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts that would support a

meritorious defense to the judgment." *Kohman v. Kohman*, 2012-Ohio-1515, ¶ 25 (5th Dist.), citing *Cogswell v. Cardio Clinic of Stark County, Inc.*, 1991 Ohio App. LEXIS 5481 (5th Dist. October 31, 1991).

{¶25} In the case at hand, Appellant's 60(B) motion was filed one year after the trial court's judgment entry. The trial court dismissed Appellant's motion finding that Appellant's motion was not filed within a reasonable time. *10/6/2025 Judgment Entry*, p. 8.

{¶26} The trial court found, "Wife's motion for relief was filed within the one-year period, but it was not filed within a reasonable time." *Judgment Entry*, p. 6. In support of its decision, the trial court found that, "Based upon Wife's motion and supporting documents, she had knowledge of the matters asserted in her Civ.R. 60(B) since the filing of the May 31, 2023, Judgment Entry." *Id.*, p. 7. The trial court further found, "Despite having knowledge of these issues, Wife's motion and supporting documents fail to present sufficient operative facts as to why she delayed one-year in filing her Civ.R. 60(B) motion." *Id.*, p. 8.

{¶27} Appellant argues in her brief that her motion was timely filed because, "The Motion was brought timely according to statute of limitations within 1 year of the underlying case's judgment entry, and within reason for the purpose of 60(B)(5)." *Appellant's Brief*, p. 6. However, Civil Rule 60(B) does not reference a one year "statute of limitations" but states that a motion must be made within a reasonable time. "The determination as to what constitutes reasonable time is for the trial court to determine in the exercise of sound discretion." *Premier v. Premier*, 2016-Ohio-673, ¶ 52 (5th Dist.).

**{¶28}** The trial court exercised sound discretion when it determined that Appellant's 60(B) motion was not filed within a reasonable time. Appellant's first and third assignments of error are overruled.

## Civil Rule 60(A)

**{¶29}** Appellant's fifth assignment of error alleges that the trial court committed a clerical error and that she is entitled to relief pursuant to Civ.R. 60(A).

**{¶30}** Civ.R. 60(A) permits the Court to correct clerical mistakes in a judgment entry arising from oversight or omission. "A Civ.R. 60(A) clerical correction applies to inadvertent clerical errors and cannot be employed to change something that was deliberately done." *Spencer v. Lair*, 2009-Ohio-3450, ¶ 20 (5th Dist.). "Civ.R. 60(A) is not to be used as a vehicle for relitigating matters that have already been litigated and decided, to correct adjudicatory errors that were subject to appeal, or for changing that which was deliberately done." *Id.*, ¶ 13 (5th Dist.).

**{¶31}** Appellant argues that the trial court made a clerical error in its computation of spousal support. Appellant's argument was based upon her belief that there is a mathematical formula a trial court uses to compute spousal support. The trial court found that there is no mathematical formula and that the computation of spousal support "[i]nvolves a legal decision based upon consideration of the factors in R.C. 3105.18(C)." *10/6/25 Judgment Entry*, p. 5.

**{¶32}** Appellant's motion sought a substantive change to the trial court's May 31, 2023, Judgment Entry, therefore, the trial court did not abuse its discretion in finding that Appellant was not entitled to relief pursuant Civ.R. 60(A).

**{¶33}** Appellant's fifth assignment of error is overruled.

{¶34} The remaining assignments of errors will be addressed together. Appellant's second and fourth assignments of error claim that the trial court mishandled her case and made procedural errors prior to the issuance of its May 31, 2023, Judgment Entry. Her sixth assignment of error claims that the trial court should have sanctioned officers of the court and her seventh assignment of error states that the trial court erred when it stated she wanted a new trial.

{¶35} Appellant's claims in these assignments of error are an attempt to appeal the trial court's May 31, 2023, Judgment Entry.

{¶36} App.R. 4(A)(1) states, "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶37} The Judgment Entry filed on May 31, 2023, is a final appealable order. Appellant's notice of appeal in the instant case was filed on November 3, 2025, more than two years following the trial court's judgment entry. Since these arguments were not set forth in a timely appeal to the trial court's May 31, 2023, Judgment Entry, this Court is without jurisdiction to consider Appellant's second, fourth, sixth and seventh assignments of error.

{¶38} Appellant's second, fourth, sixth and seventh assignments of error are overruled.

## CONCLUSION

**{¶1}** For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is Affirmed.

**{¶2}** Costs to Appellant.

By: Montgomery, P.J.

Hoffman, J. and

Bladwin, J. concur.