[Cite as *Tochtenhagen v. Tochtenhagen*, 2014-Ohio-5380.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| JOYCE L. TOCHTENHAGEN, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0039** |
| SAMUEL E. TOCHTENHAGEN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 06 DR 280.

Judgment: Affirmed.


*William R. Biviano*, Biviano Law Firm, 700 Huntington Bank Tower, 108 Main Avenue, S.W., Warren, OH 44481-1089 (For Plaintiff-Appellant).

*William P. McGuire*, 106 East Market Street, Warren, OH 44481 (For Defendants-Appellees).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant Joyce L. Tochtenhagen appeals from the trial court's judgment entry denying her motion for relief from judgment in the settlement of certain disputes arising from her divorce from appellee Dr. Samuel E. Tochtenhagen. For the following reasons, we affirm.

{¶2} The Tochtenhagens were married in 1974, and have four grown children. *Tochtenhagen v. Tochtenhagen*, 11th Dist. Trumbull No. 2009-T-0011, 2010-Ohio-

4557, ¶2 ("*Tochtenhagen I*"). In 2006, Mrs. Tochtenhagen filed for divorce. *Id.* Included amongst the defendants was T-and-T Land Company, Inc. ("T-and-T"), which held title to houses, located in McDonald, Ohio, and Big Pine Key, Florida, respectively. *Id.* at ¶2, 7, 10.

{¶3} On January 15, 2009, the trial court filed its judgment entry of divorce. The trial court found the properties titled to T-and-T to be, in part, marital property, and awarded the Ohio house to Dr. Tochtenhagen, and the Florida house to Mrs. Tochtenhagen. *See, e.g.*, *Tochtenhagen I* at ¶38-39. Dr. Tochtenhagen appealed, assigning as error the trial court's determination that the houses titled to T-and-T were marital property at all, as well as the trial court's failure to consider the tax consequences of distributing the houses. *Id.* at ¶14-15. This court determined that any issue regarding tax consequences had been waived. *Id.* at ¶55. It affirmed the trial court's finding that the two houses were, in part, marital property. *Id.* at ¶37. However, this court reversed and remanded for a new determination by the trial court of the portion of the Florida house which was Dr. Tochtenhagen's separate property. *Id.* at ¶39-41.

{¶4} On remand, the trial court made the determination required by this court, in a judgment entry filed December 12, 2011. Dr. Tochtenhagen appealed, that being *Tochtenhagen v. Tochtenhagen*, 11th Dist. Trumbull No. 2012-T-0003 ("*Tochtenhagen II*").

{¶5} While *Tochtenhagen II* was pending before this court, the parties met in Florida and evidently agreed to settle their differences and at some point, Mrs. Tochtenhagen dismissed her counsel. Pursuant to the settlement agreement, Dr. Tochtenhagen's duty to pay spousal support terminated, in contemplation of his

retirement from practice. Mrs. Tochtenhagen applied for Social Security benefits. The parties stipulated that their children were now the majority stockholders of T-and-T, and Dr. Tochtenhagen a minority stockholder. They agreed that the Ohio house and the Florida house would remain titled to T-and-T. They further agreed that T-and-T would sell the Florida house, and apply the proceeds to the purchase of a condominium for Mrs. Tochtenhagen in St. Augustine, Florida, in compliance with I.R.C. Section 1031, concerning "like kind exchanges." The Florida house, for federal tax purposes, was a rental property: in following I.R.C. Section 1031, the parties evidently gained tax advantages, and by the settlement, Mrs. Tochtenhagen was required to pay any real estate taxes and insurance regarding the proposed St. Augustine condominium, as a rent to T-and-T.

{¶6} On November 14, 2012, the trial court adopted the stipulated settlement as its judgment. Shortly thereafter, the parties noticed their settlement to this court, and we consequently dismissed *Tochtenhagen II* on November 29, 2012.

{¶7} On February 21, 2013, Mrs. Tochtenhagen moved the trial court for relief from judgment pursuant to Civ.R. 60(B)(1) (mistake) and (B)(3) (fraud). In the affidavit supporting her motion, she stated she went to Boca Raton, Florida, on September 15, 2012, to be with her daughter Samantha and her son-in-law at the birth of a grandchild. She told them she wished to end the legal wrangling with Dr. Tochtenhagen. They told her to call Dr. Tochtenhagen, and try to work out their problems. She did so on September 24, 2012.

{¶8} Mrs. Tochtenhagen further averred that Dr. Tochtenhagen insisted that she dismiss her counsel. She further stated that he told her she would receive her last spousal support check that month; that, due to the tax status of the Florida house, she

3

owed T-and-T rentals of $2000 per month since 2006; and, that T-and-T would sell the Florida house, and take legal action in the Florida courts to recoup the back rentals. Mrs. Tochtenhagen asserted that Dr. Tochtenhagen handwrote a letter dismissing her counsel (a copy of which is in the record), and that their daughter Samantha typed it. Mrs. Tochtenhagen stated that the parties agreed that the Florida property would be sold; that T-and-T would use the proceeds to purchase her a condominium in Florida; and, that he would transfer his remaining interest in T-and-T to their children.[1]

{¶9} The affidavit further averred that Dr. Tochtenhagen had the settlement prepared, and that she signed it November 1, 2012, and returned it to his counsel. Mrs. Tochtenhagen stated that on November 29, 2012, after the settlement had been adopted by the trial court, and *Tochtenhagen II* dismissed by this court, she had a telephone conversation with Dr. Tochtenhagen, during which she indicated her desire to consult with her former counsel. She stated that Dr. Tochtenhagen responded by threatening to force her to pay back rent on the Florida house, and that he would not transfer his interest in T-and-T to their children. She further stated that, when she contacted her former counsel (whom she retained again), that he informed her she did not owe back rent, that Dr. Tochtenhagen had no interest in the Florida house, and that she had not been required to accept a termination of spousal support.

{¶10} T-and-T and Dr. Tochtenhagen jointly opposed the Civ.R. 60(B) motion. In that brief, Dr. Tochtenhagen denied that he required Mrs. Tochtenhagen to terminate the services of her divorce counsel. He asserted that he fully explained the requirements of an I.R.C. Section 1031 like kind exchange to her. Dr. Tochtenhagen also asserted that T-and-T did not begin to explore collecting back rent from Mrs.

---

1. The stipulated settlement agreement contains no such provision.

4

Tochtenhagen until she refused to comply with the settlement agreement, by allowing the sale of the present Florida house.

{¶11} Following a status conference with counsel for the parties, the trial court denied Mrs. Tochtenhagen's motion for relief from judgment. This appeal timely ensued.

{¶12} For her first assignment of error, Mrs. Tochtenhagen states: "The trial court abused its discretion in denying Appellant's motion for relief from judgment."

{¶13} In support of this assignment of error, Mrs. Tochtenhagen asserts that she was fraudulently led to believe that her spousal support would automatically terminate due to Dr. Tochtenhagen's retirement (the actual divorce decree continued it until further order of the trial court); and, that she owed back rent on the Florida property, when the trial court had awarded it to her free and clear of any claim by her ex-husband.

{¶14} We review a trial court's decision to grant or deny a motion for relief from judgment for abuse of discretion. *Cefaratti v. Cefaratti*, 11th Dist. Lake No. 2004-L-091, 2005-Ohio-6895, ¶11. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. This court has previously observed that when an appellate court is reviewing a pure issue of law, "'the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist.

5

Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶15} Civ.R. 60(B) provides, in relevant part:

{¶16} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶17} "It is well-settled that in order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate the following: (1) a meritorious claim or defense if relief is granted; (2) entitlement to the relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146, * * *, paragraph two of the syllabus." (Parallel citation omitted.) *Cefaratti*, *supra*, at ¶10.

{¶18} "With regard to the first element of the *GTE* test, a moving party need only allege a meritorious defense; it need not prove that it will prevail on that defense. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, * * * (1988); *GMAC Mtge., LLC. v. Herring,* 189 Ohio App.3d 200, 2010-Ohio-3650, * * * ¶32 (2d Dist). Although proof of success is not required, the moving party must support its alleged defense with operative facts that have enough specificity to allow the trial court to judge the merit of the defense. *Miller v. Susa Partnership, LP.,* 10th Dist. No. 07AP-702, 2008-Ohio-1111, ¶16. A proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.

6

*Miller* at ¶ 15." (Parallel citations omitted.) *Home S. & L. of Youngstown v. Snowville Subdiv. Joint Venture Phase I*, 8th Dist. Cuyahoga No. 97985, 2012-Ohio-4594, ¶18.

{¶19} "Fraud in the inducement arises when a party is induced to enter into a contract or agreement through fraud or misrepresentation, and the fraud relates not to the nature or purport of the agreement, but to the facts inducing its execution. *Haller v. Borror Corp.* (1990), 50 Ohio St. 3d 10, 14, * * *." (Parallel citation omitted.) *Cefaratti, supra*, at ¶28.

{¶20} "'The elements of fraud in the inducement are "(1) a representation of fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with utter disregard and recklessness, as to whether it is true or false, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation, (6) and a resulting injury proximately caused by the reliance.'" *Mtge. Electronic Registration Sys., Inc. v. Mosley,* Cuyahoga App. No. 93170, 2010-Ohio-2886, ¶34, quoting *Natl. City Bank v. Slink & Taylor, LLC,* Portage App. No. 2002-P-0045, 2003 Ohio 6693, ¶23." *H & M Landscaping Co., Inc. v. Abraxus Salt, L.L.C.*, 8th Dist. Cuyahoga No. 94268, 2010-Ohio-4138, ¶22.

{¶21} The trial court properly denied Mrs. Tochtenhagen's motion because she cannot show justifiable reliance upon a false representation. First, Mrs. Tochtenhagen alleges that Dr. Tochtenhagen "essentially told me * * * that he was retiring and that the last alimony check would be paid to me in October 2012." This statement, if made, is false as the original divorce decree stated that Dr. Tochtenhagen's support obligation would "terminate upon the death of either party or upon Wife's remarriage or cohabitation" and that "the Court retains jurisdiction over the issue of spousal support pending a significant change in the financial circumstances of either party."

7

**{¶22}** Given the plain meaning of the divorce decree, any reliance by Mrs. Tochtenhagen on this statement is unreasonable. This conclusion is corroborated by the parties' joint motion for termination of spousal support, asking the court to terminate the support obligation in consideration of Dr. Tochtenhagen's retirement and Mrs. Tochtenhagen's application for social security. This motion is signed by Mrs. Tochtenhagen and was filed in November 2012. Mrs. Tochtenhagen's purported belief that Dr. Tochtenhagen's support obligation terminated in October 2012 is irreconcilable with her request to terminate support in November 2012.

**{¶23}** The second purported misrepresentation was that Mrs. Tochtenhagen "was required to pay rent in the amount of $2,000/month since 2006" and that Dr. Tochtenhagen "would have a Florida Court enforce the rental payments." If made, this statement is inconsistent with the provision of the divorce decree, that "Wife shall retain the Florida real estate free and clear of any claim to same by Husband and owes him $202,838 as his one-half equity interest therein." Mrs. Tochtenhagen's purported belief that she owed rent on property that belonged to her "free and clear" of any claim by Dr. Tochtenhagen, is not reasonable. *Jack Turturici Family Trust v. Carey*, 2nd Dist. Miami No. 2012 CA 8, 2012-Ohio-6191, ¶ 34 ("[r]eliance is justifiable if * * * there is no apparent reason to doubt the veracity of the representation under the circumstances") (Citation omitted).

**{¶24}** Moreover, the stipulated judgment entry does not contain any waiver or release of rent liability. The stipulated entry authorizes T-AND-T Land Company, the title owner of the Florida property, to sell the property and purchase another property for Mrs. Tochtenhagen's residence. There is no logical connection between Dr.

8

Tochtenhagen's threatened rent action and the purchase of a condominium for Mrs. Tochtenhagen in St. Augustine near her children.

{¶25} In sum, Mrs. Tochtenhagen has failed to demonstrate justifiable reliance. Accordingly, the first assignment of error is without merit.

{¶26} In her second assignment of error, Mrs. Tochtenhagen asserts:

{¶27} "The trial court abused its discretion in denying the motion for relief from judgment without conducting an evidentiary hearing when the evidentiary material attached to Joyce Tochtenhagen's motion contained allegations of operative facts that warranted relief from judgment."

{¶28} "The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. No. CA-8553, 1991 Ohio App. LEXIS 5481, * * * (October 21, 1991). In *Cogswell*, this Court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts that would support a meritorious defense to the judgment. *Cogswell*; *BancOhio National Bank v. Schiesswohl,* 51 Ohio App.3d 130, * * * (9th Dist.1988).

{¶29} "'[A] movant has no automatic right to a hearing on a motion for relief from judgment.' *Hrabak v. Collins,* 108 Ohio App.3d 117, 121, * * * (8th Dist.1995). Generally, '(i)t is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B).' *In re Estate of Kirkland,* 2nd Dist. No. 2008-CA-57, 2009 Ohio 3765, ¶17, citing *Boster v. C & M Servs.,* 93 Ohio App. 3d 523, 526, * * *

9

(10th Dist.1994) (emphasis in original)." (Parallel citations omitted.) *Kohman v. Kohman*, 5th Dist. Licking No. 11CA63, 2012-Ohio-1515, ¶25-26.

{¶30} As we have already determined under the first assignment of error that Mrs. Tochtenhagen did not allege sufficient operative facts demonstrating fraud due to the lack of justifiable reliance on Dr. Tochtenhagen's statements.

{¶31} The second assignment of error is without merit.

{¶32} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶33} I respectfully dissent. As the majority acknowledges, a movant under Civ.R. 60(B) is only required to *allege* operative facts supporting a meritorious defense, not to prove he or she will prevail on that defense. I agree with the majority that, given the record in this case, Mrs. Tochtenhagen is unlikely ultimately to prevail on her claim of fraud in the inducement. However, construing the facts alleged in her affidavit as true for purposes of the Civ.R. 60(B) motion, they seem to me sufficient to state a claim for fraud in the inducement. The record clearly shows Dr. Tochtenhagen is the more financially sophisticated party. Consequently, I would hold it was error for the trial court to deny the motion without an evidentiary hearing.