[Cite as *U.S. Bank Natl. Assn. v. Bartlett*, 2018-Ohio-4082.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-023** |
| JAMES R. BARTLETT, JR., et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CF 001889.

Judgment: Affirmed.

*Glenn E. Algie* and *Carrie Lynn Davis*, Reisenfeld & Associates, LLC, 3962 Red Bank Road, Cincinnati, OH 45227 (For Plaintiff-Appellee).

*Jon D. Axelrod* and *Rochelle M. Hellier*, Axelrod Law Office, 36615 Vine Street, Suite 102, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, James R. Bartlett, Jr., appeals from the January 3, 2018 Judgment Entry of the Lake County Court of Common Pleas, denying his Motion for Relief from Judgment. The issue before this court is whether res judicata precludes consideration of the merits of an appeal from a ruling denying a Civ.R. 60(B) motion when the appellant failed to file a direct appeal from the underlying default judgment entry. For the following reasons, we affirm the judgment of the court below.

{¶2} On October 30, 2015, plaintiff, Embrace Home Loans, filed a Complaint in

Foreclosure in the Lake County Court of Common Pleas against James and Leah Bartlett, seeking a money judgment, decree of foreclosure, and sale of the subject premises, located in Perry, Ohio. The Complaint alleged that the Bartletts were in default on a Note and owed $273,716.18.

{¶3} On March 18, 2016, James Bartlett filed a Notice of Bankruptcy Filing and the proceedings were stayed.

{¶4} On July 13, 2017, a Motion to Substitute plaintiff-appellee, U.S. Bank National Association, was filed, as it had been assigned the Note and Mortgage.

{¶5} Following the conclusion of bankruptcy proceedings, the trial court issued a July 21, 2017 Order Reactivating Case.

{¶6} U.S. Bank filed a Motion for Default Judgment on November 16, 2017, due to the defendants' failure to file an answer.

{¶7} On November 29, 2017, the trial court issued a Judgment Entry and Decree of Foreclosure, granting default judgment in favor of U.S. Bank and ordering foreclosure of the property. On the same date, James Bartlett filed an Answer.

{¶8} Bartlett filed a December 12, 2017 Motion for Relief from Judgment, Rule 60(B) and Motion to File an Answer Instanter. The trial court issued a January 3, 2018 Judgment Entry denying the Motion on the ground that no meritorious defense entitling Bartlett to relief was presented.

{¶9} On appeal, Bartlett raises the following assignments of error:

{¶10} "[1.] The trial court erred in denying Defendant's Motion to Vacate Judgment because the trial court failed to provide Defendant with a hearing notice according to Rule 55(A) on the Motion for Default Judgment in a case where Defendant had appeared and where Defendant filed his Answer on the same day as the trial court

2

filed its judgment entry and decree of foreclosure.

{¶11} "[2.]   The trial court erred in denying Defendant's Motion to Vacate Judgment under Civ.R. 60(B)(1) or Civ.R. 60(B)(6) (sic) because Defendant believed that he was responding timely to Plaintiff's Motion for Default Judgment and Defendant's Answer and the Judgment Entry were filed on the same day.

{¶12} "[3.]   The trial court erred in denying Defendant's Motion to Vacate Judgment because the Civil Rules are to be construed as such to allow for cases to be heard on the merits and Defendant filed his Answer the same day as the trial court filed its Judgment Entry."

{¶13} "An appellate court reviews a judgment entered on a Civ.R. 60(B) motion for an abuse of discretion."   (Citation omitted.)   *Chase Home Fin., LLC v. Mentschukoff*, 11th Dist. Geauga No. 2014-G-3205, 2014-Ohio-5469, ¶ 18.   To the extent that an issue of law is raised in relation to such motion, it is reviewed de novo. *See JP Morgan Chase Bank v. Ritchey*, 11th Dist. Lake No. 2014-L-089, 2015-Ohio-1606, ¶ 16.

{¶14} Relief may be granted under Civ.R. 60(B) to vacate a court's judgment when one of the following grounds are present: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud, * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, * * * or (5) any other reason justifying relief from the judgment."   "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

3

reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶15} All three of Bartlett's errors relate to the denial of his Civ.R. 60(B) Motion. He argues that default judgment was improper due to his failure to receive notice and that he could prevail on his motion on the grounds of excusable neglect/surprise.

{¶16} The doctrine of res judicata applies to bar Bartlett's claims. Ohio courts have routinely held that a Civ.R. 60(B) motion to vacate cannot be used as a substitute for filing a direct appeal and the doctrine of res judicata will apply to such a motion. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16; *HSBC Bank USA, Natl. Assn. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶ 14, 16; *Ritchey*, 2015-Ohio-1606, at ¶ 20. In the similar case of *College Hills Assn. v. TT Group, LLC*, 11th Dist. Lake No. 2014-L-016, 2015-Ohio-1406, the appellant appealed from the denial of a 60(B) motion, urging error occurred in granting default judgment. This court, in declining to consider the merits of the appeal, held: "As [appellant] elected not to appeal the underlying foreclosure judgment and all arguments raised now could have been raised in a timely appeal, res judicata bars Civ.R. 60(B) relief." *Id.* at ¶ 20. Here, Bartlett failed to file a direct appeal from the court's November 29, 2017 final judgment granting the default judgment in favor of U.S. Bank and ordering foreclosure and improperly used an appeal from a 60(B) denial as a substitute.

{¶17} The foregoing principles apply "even when the Civ.R. 60(B) motion is filed within the period for a timely appeal." (Citation omitted.) *Blatt v. Meridia Health Sys.*, 8th Dist. Cuyahoga No. 89074, 2008-Ohio-1818, ¶ 11, citing *Kelley v. Lane*, 103 Ohio St.3d 432, 2004-Ohio-5582, 816 N.E.2d 599, ¶ 3; *see also U.S. Bank v. Blank*, 11th Dist. Ashtabula No. 2014-A-0036, 2015-Ohio-1687, ¶ 3-4, 14. Thus, although the

4

Motion to Vacate was filed only a few weeks after the final judgment of the trial court, it still does not serve as a substitute for a proper direct appeal from that judgment. Given this failure to file a direct appeal, Bartlett's present arguments are barred by the doctrine of res judicata.

{¶18} We also note that this court has declined to address the merits of an appellant's arguments on appeal where he "provided no reasons in his [Civ.R. 60(B)] motion as to why he was entitled to relief," since "an appellate court may not consider arguments raised for the first time on appeal." *Filby v. Filby*, 11th Dist. Geauga No. 2016-G-0101, 2017-Ohio-4377, ¶ 2, 8. Bartlett's Motion for Relief from Judgment only described that he had filed an Answer the same day default judgment was granted and stated that Bartlett "requests this Court to grant him relief from said default judgment or * * * vacate the default judgment entry * * * so that he may save his home." It did not provide a ground for relief under Civ.R. 60(B)(1)-(5) or assert a meritorious defense. Bartlett's contentions regarding the lack of notice and "surprise," now raised on appeal, were never advanced to the trial court and cannot be raised for the first time before this court.

{¶19} The assignments of error are without merit.

{¶20} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Bartlett's Motion for Relief from Judgment, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

5