[Cite as *Michelakis, Treasurer v. Big Little Farms, Inc.*, 2019-Ohio-2799.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHRIST MICHELAKIS, TREASURER TRUMBULL COUNTY, OHIO, | : | **O P I N I O N** |
| | : | |
| Plaintiff, | : | **CASE NO.  2018-T-0095** |
| | : | |
| - vs - | : | |
| | : | |
| BIG LITTLE FARMS, INC., et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| THE ESTATE OF AUDREY R. ROSS, | : | |
| | : | |
| Defendant-Appellee, | : | |
| | : | |
| BEVERLY W. ROSS, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2007 CV 109.

Judgment: Affirmed.


*Robert K. McIntyre*, Dinn, Hochman & Potter, LLC, 5910 Landerbrook Drive, Suite 200, Cleveland, OH 44124 (For Defendant-Appellant).

*Thomas H. Sanborn*, Thomas H. Sanborn, LLC, 3770 Star Centre Drive, Canfield, OH 44406 (For Defendant-Appellee).


MATT LYNCH, J.

{¶1}    Defendant-appellant, Beverly W. Ross, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, denying her Motion to Vacate the

court's judgment confirming the sale of real property following foreclosure proceedings. The issue to be determined by this court is whether there are grounds to find the existence of fraud for the purposes of Civ.R. 60(B) when the appellant argues that the opposing party should have been aware that a mortgage deed presented to the court and parties as valid was actually void. For the following reasons, we affirm the judgment of the lower court.

{¶2} On January 12, 2007, Christ Michelakis, the Trumbull County Treasurer, filed a foreclosure action on real property owned by Big Little Farms (BLF), due to BLF's delinquency in the payment of property taxes. BLF operated a horse farm on the subject property. In addition to BLF, the complaint named Dale (the owner of BLF), his ex-wife Audrey Ross, Dale's brother, Gene Ross, and Gene's wife, Beverly Ross,[1] as defendants having an interest in the property.

{¶3} Beverly filed a Cross-Claim on March 27, 2007, subsequently amended, in which she raised claims arising from BLF/Dale's failure to make payments on a promissory note in the amount of $103,385, which had been executed by Dale as president of BLF in December 2003. Beverly requested a judgment for the amount owed under the promissory note and that the mortgage securing the loan be foreclosed.

{¶4} On April 6, 2007, the Treasurer filed a voluntary dismissal of the foreclosure action since BLF satisfied the delinquent tax obligation.

{¶5} Audrey Ross filed an Answer and Cross-Claim on May 3, 2007, in which she asserted that BLF had executed and delivered to her a mortgage deed in the sum of $9,253 to secure a judgment awarded against Dale in their divorce proceedings.

---

1. During the course of the proceedings, several parties passed away. The Estates of Audrey, Dale, and Gene were substituted for those individuals while the proceedings were pending. The Estate of Dale Ross was substituted for BLF after it dissolved in 2017.

2

Pursuant to the March 20, 1986 Judgment Entry - Decree of Divorce of the Trumbull County Court of Common Pleas, Domestic Relations Division, Dale was ordered to cause a mortgage to be filed as a lien in favor of Audrey on the BLF property. Attached to Audrey's Answer was a copy of the mortgage deed, recorded on March 19, 1986, which stated it "is being filed to grant Audrey R. Ross a lien on the aforedescribed premises," the BLF property. On behalf of BLF, the mortgage was signed by Audrey Ross, described as its "secretary."

{¶6} On October 14, 2009, BLF, Dale, Beverly, and Audrey, through their counsel, filed written stipulations. In pertinent part, they stipulated that "Big Little Farms, Inc. executed and delivered to Audrey R. Ross a Mortgage Deed in the principal sum of $9,253.00 to secure the judgment awarded to her" in the domestic relations case, the mortgage deed was recorded, no payments satisfying the debt were made, and Audrey was owed $35,414.88 in principal and interest. The parties also stipulated that Audrey's mortgage "is the first and best lien against the premises" following tax obligations.

{¶7} Following summary judgment proceedings, on February 25, 2015, an Agreed Judgment Entry of Settlement and Dismissal was filed, in which the parties agreed and it was ordered that Audrey's mortgage was the first and best lien (after taxes and costs) and payment in the amount of $41,974.49 was due. Judgment was also rendered in favor of Beverly Ross against BLF. The parties agreed they would enter a consent foreclosure decree.

{¶8} The court issued a November 6, 2017 Judgment Entry Decree of Foreclosure, which was signed by counsel for Beverly, the estates of Dale and Audrey, and the Trumbull County Treasurer. It ordered the sale of the property and included

3

Audrey's lien. The court subsequently issued a June 7, 2018 Judgment Entry confirming the sale of the property for $200,000 and distributing the proceeds.

{¶9} On June 11, 2018, Beverly filed a "Motion to Enter Order," in which she contended that her counsel discovered Audrey's 1986 mortgage was fraudulent because Audrey had executed the mortgage on behalf of BLF although Dale was its sole officer. She alleged that counsel and Audrey falsely represented the mortgage as being lawfully executed and led opposing parties to presume it was executed by Dale.

{¶10} The court characterized this as a Civ.R. 60(B) motion and ruled, on June 21, 2018, that "it cannot be said that the issue of the potential invalidity of the mortgage was timely brought to the attention of the Court," since the mortgage was executed in 1986 and the proceedings had been pending since 2007.

{¶11} On August 17, 2018, Beverly filed a Motion to Vacate the June 7, 2018 judgment confirming the sale, restating the prior allegations relating to the validity of Audrey's mortgage. She also argued that, after being informed through a May 31, 2018 letter that the mortgage was fraudulent, counsel for Audrey's estate provided the court with a "knowingly fraudulent entry" prepared for the court's signature, to confirm the sale. On September 26, 2018, the trial court issued a Judgment Entry, denying this motion.[2]

{¶12} Beverly timely appeals and raises the following assignment of error:

{¶13} "Did the trial court err when it refused to vacate the fraudulently obtained June 5, 2018 Entry which in itself was the perpetuation of the 1986 mortgage fraud?"

---

2. In this Entry, the court ruled on multiple motions and stated that it was ruling on Beverly's "Motion to Enter Order." It appears from the content of the entry that it was ruling on Beverly's August 17, 2018 Motion to Vacate as the court recognized she had previously filed an "initial" motion pursuant to Civ.R. 60(B) and had already denied her "Motion to Enter Order" on June 21, 2018. The parties do not dispute that both of Beverly's 60(B) motions were ruled upon by the court.

4

{¶14} Relief may be granted to vacate a court's judgment when one of the following grounds are present: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud, * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, * * * or (5) any other reason justifying relief from the judgment." Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶15} "An appellate court reviews a judgment entered on a Civ.R. 60(B) motion for an abuse of discretion." (Citation omitted.) *Chase Home Fin., LLC v. Mentschukoff*, 11th Dist. Geauga No. 2014-G-3205, 2014-Ohio-5469, ¶ 18; *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998).

{¶16} As an initial matter, while Beverly was aware of the alleged fraud by May 31, 2018 at the latest, when a letter was sent to opposing counsel, she failed to file a direct appeal from the trial court's June 7, 2018 Judgment Entry confirming the sale, choosing instead to file motions to vacate the lower court's judgment. Courts in this state have routinely held that a Civ.R. 60(B) motion "cannot be used as a substitute for filing a direct appeal and the doctrine of res judicata will apply to such a motion." *U.S. Bank Natl. Assn. v. Bartlett*, 11th Dist. Lake No. 2018-L-023, 2018-Ohio-4082, ¶ 16;

5

*Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16; *HSBC Bank USA, Natl. Assn. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶ 14 and 16.

{¶17} Beverly also filed multiple motions, on June 11 and August 17, 2018,[3] in which she raised the issue that it was fraudulent to represent that Audrey's mortgage was valid since it was not executed by an officer of BLF. Both of these were construed by the lower court as Civ.R. 60(B) motions and were denied. "[R]es judicata prevents successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8. Nonetheless, even considering the merits of Beverly's arguments, we find no grounds to vacate the trial court's judgment confirming the sale of the property.

{¶18} Prior to conducting an analysis of the specific grounds for relief under Civ.R. 60(B), Beverly generally takes issue with the manner in which counsel for Audrey's estate submitted the Judgment Entry Confirming Sale, which counsel prepared, to the lower court. Beverly contends that the Estate "walked through" the order to the court knowing that she would object, having sent a letter informing opposing counsel that Audrey's mortgage was fraudulent.

{¶19} This does not warrant vacating the confirmation entry or granting any other relief. The entry provided to the court was prepared and signed by counsel for Audrey's estate but did not represent that it had been agreed to by the other parties.

---

3. The second motion also included the issue of whether counsel had improperly submitted the judgment to confirm the sale when they had been made aware of possible fraud.

Rather, it only stated that it had been submitted to those parties. Having a party prepare a routine confirmation of sale entry for the trial court's signature is not uncommon or improper. The portion of the confirmation entry that Beverly finds objectionable, the order that Audrey's mortgage be enforced and was the first lien, had already been included in the judgment entry foreclosing upon the property, to which the parties had agreed. The fact that Beverly now disagrees with the validity of the underlying mortgage was an issue for her to raise to the court; it is not the responsibility of Audrey's estate to raise arguments on Beverly's behalf. The court reviewed and signed the entry, from which Beverly did not appeal. We find no impropriety in trial counsel's actions regarding filing the confirmation entry.

{¶20} Beverly seeks Civ.R. 60(B) relief on three grounds. First, she alleges that Civ.R. 60(B)(2) warrants relief since the realization that Audrey fraudulently executed the mortgage and/or misrepresented the validity of the mortgage was the result of "newly discovered evidence." The evidence that Beverly contends is "newly discovered" consists solely of counsel's recently completed "detailed examination" of the 1986 mortgage deed and Dale's 2008 deposition testimony, which led to her conclusion that Audrey was not permitted to sign the mortgage on behalf of BLF. The 1986 mortgage deed was filed in the present matter as an attachment to Audrey's cross-claim in 2007 and Dale's deposition was filed in 2009. These could have been examined by counsel at that time. Relief from judgment pursuant to Civ.R. 60(B) under the ground of newly discovered evidence cannot be granted based upon "[e]vidence that could have been discovered prior to trial." (Citation omitted.) *Bell v. Bell*, 11th Dist. Portage No. 2016-P-0066, 2017-Ohio-7956, ¶ 53. Here, the evidence not only could have been discovered

7

prior to resolution of this matter through the foreclosure decree but was actually present in the record.

**{¶21}** Next, Beverly argues that relief should be granted under Civ.R. 60(B)(3), due to Audrey's alleged fraudulent conduct in representing the mortgage as valid although she was not an agent or shareholder permitted to execute the mortgage, and by representing through the proceedings that it had been executed by BLF. We disagree.

**{¶22}** "The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Bd. of Cty. Commrs. of Stark Cty.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

**{¶23}** The facts alleged by Beverly do not demonstrate that Audrey or her counsel made false statements or representations with the intent of misleading the court or the opposing parties. To the contrary, the mortgage deed itself was submitted as an exhibit attached to the first filing made by Audrey in 2007 and clearly states that she executed the mortgage as "secretary" of BLF. Her position throughout the proceedings has been that this was a valid mortgage deed. In 2009, both BLF and Dale, as well as Beverly and Audrey, stipulated that this was a valid mortgage. The parties again agreed that Audrey's mortgage was enforceable by signing the November 6, 2017

8

Judgment Entry of Foreclosure. Audrey's counsel had no reason to believe the mortgage was invalid or improperly executed given that Dale, the party responsible for ensuring that the mortgage be executed pursuant to the divorce decree, agreed it was valid. Beverly's argument is almost entirely based upon her contention that Dale "testified under oath that he was the only shareholder and officer of Big-Little since its inception" which is "uncontroverted evidence" that no one other than him could have executed the mortgage. In Dale's deposition, however, he testified Audrey owned shares in BLF, that he was president when it was formed but "Audrey took over all of it in 1973" and when asked "how long was Audrey president for Big-Little Farms?" he responded "Until now. I don't know." He did, however, sign a mortgage and promissory note to Gene and Beverly as president of BLF in 2003. At best, there was a lack of clarity regarding Audrey's ability to sign the mortgage deed as an officer of BLF, especially given the stipulation of the parties to its validity, which does not provide a basis for finding fraud. Beverly has failed to allege "sufficient operative facts" demonstrating fraud. *See Tochtenhagen v. Tochtenhagen*, 11th Dist. Trumbull No. 2013-T-0039, 2014-Ohio-5380, ¶ 30.

{¶24} Beverly also points to other issues with the recording of the mortgage, asserting that Dale himself "did not cause a mortgage to be filed" as was ordered by the domestic relations court and that the mortgage deed was actually executed before the domestic relations court order requiring the mortgage to be executed was filed. She provides no reason why this would warrant Civ.R. 60(B) relief. These are arguments properly raised before accepting the validity of the mortgage, not arguments justifying vacation of the court's order.

9

{¶25} In fact, it is worth emphasizing that the Domestic Relations Court's March 20, 1986 Judgment Entry - Decree of Divorce provided that Dale was "ordered to cause a mortgage to be filed as a lien" on the BLF property but "upon his failure to do so within three (3) days of the signing hereof, this Judgment Entry - Decree shall operate as such a conveyance thereof and the Clerk of this Court is directed to certify so much as is necessary of this Judgment Entry - Decree to effectuate such mortgage conveyance to the County Auditor and County Recorder." Even if, for the sake of argument, the mortgage deed had not been properly executed and recorded, it would not follow that Audrey would lose her interest in having a mortgage on the property. Rather, she would still be entitled to have the Judgment Entry certified to effectuate the mortgage conveyance. In other words, under either ground, Beverly is not entitled to priority of her mortgage over Audrey's.

{¶26} Beverly also argues Audrey's estate committed a separate act of fraud when counsel "walked through" to the court the June 5, 2018 entry because counsel should have been aware the entry contained incorrect statements. As explained above, it was not fraud for counsel to submit a judgment entry to the court which stated the facts of the sale, consistent with what had been agreed to by the parties in several past filings with the court. Counsel believed the mortgage to be valid and did not act with any intent to mislead the court.

{¶27} Finally, Beverly argues that Civ.R. 60(B)(1), which provides for relief on the grounds of mistake or inadvertence, applies since the parties were mistaken in believing the 1986 mortgage was valid and properly executed. The parties proceeded forward with all facts in the record, full knowledge of the circumstances, and agreed that

10

the mortgage constituted a lien on the property. Beverly does not demonstrate that, under the facts she alleged, the parties were mistaken in determining that Audrey's mortgage should be recognized, especially given that there was no question Dale was required to pay the judgment ordered by the domestic relations court. To the extent that Beverly argues the court improperly treated the mortgage as lawful, mistakes of the court must be contested through a direct appeal, not a Civ.R. 60(B) motion. *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 43.

{¶28} The sole assignment of error is without merit.

{¶29} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Beverly Ross' Motion to Vacate, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

11