[Cite as *Filby v. Filby*, 2017-Ohio-4377.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| TRICIA FILBY, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0101** |
| DAVID LEE FILBY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 13 DC 000638.

Judgment: Affirmed.

*Robert E. Zulandt, Jr.*, Robert E. Zulandt Co., LPA, 100 Center Street, Suite 201-B, Chardon, OH 44024 (For Plaintiff-Appellee).

*David Lee Filby*, pro se, 63 Sector Drive, Bedford, OH 44146 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, David Lee Filby, appeals pro se from an October 26, 2016 judgment entered by the Geauga County Court of Common Pleas, denying his motion for relief from judgment. For the following reasons, the trial court's judgment is affirmed.

{¶2} The trial court entered a divorce decree in this matter on August 14, 2015. One year later, on August 15, 2016, appellant filed a motion for relief from judgment. Appellant provided no reasons in his motion as to why he was entitled to relief. The trial court denied the motion on October 26, 2016.

{¶3} Appellant attached two entries to his notice of appeal, both of which were docketed on October 26, 2016. An entry, entitled "Decision," was time-stamped at 2:23 p.m. This Decision denies appellant's motion and sets forth the basis for the trial court's denial: namely, that appellant did not set forth any operative facts or identify any errors in support of the motion. The last paragraph of the Decision states: "**Order.** Per this Court's Decision entered this date: Mr. Filby's 'Motion for Relief from Judgment' is denied." A separate entry, entitled "Judgment," was time-stamped at 2:24 p.m. and states: "Per this Court's Decision entered this date: the 'Motion for Relief from Judgment' filed by defendant David Filby on August 15, 2016, is denied." It is not clear why the trial court docketed this Judgment; it is a nullity, as the Decision, time-stamped first and ordering denial of the motion, was a final appealable order. This procedural glitch does not, however, affect our review of the merits of this appeal, which we consider to be taken from the Decision of October 26, 2016.

{¶4} Appellant raises five assignments of error for our review:

[1.] The trial court committed prejudicial error in denying my August 15, 2016 Rule 60 Motion for Relief from Judgment. The trial courts' ruling was a criminal act of retaliation in violation of ORC 2921.05 Retaliation. On October 25, 2016, I filed a Motion for Temporary Restraining Order and Permanent Injunction against Judge David L. Fuhry, Magistrate Carolyn J. Pashcke, and Attorney Robert E. Zulandt Jr. My motion sat on the docket for 72 days from August 15, 2016 – October 26, 2016. Judge Fuhry hastily responded in retaliation by denying my motion for relief. [sic]

[2.] The trial court committed prejudicial error in denying my August 15, 2016 Motion for Relief based upon the premise that the motion did not comply with Local Rule 7. Many of my other filings before the court were not denied based upon this rule, even when those filings did not comply with the local rule. The trial court acted arbitrarily by citing the local rule. My motion for relief was neat, cited law, and requested leave to supplement should the trial court require. [sic]

2

[3.] The trial court committed prejudicial error in denying my August 15, 2016 Motion for Relief from Judgment because Judge David L. Fuhry should have recused himself from the bench long before he had the opportunity to deny my motion. On August 18, 2016 I filed a criminal affidavit against Judge David L. Fuhry with the Geauga County Prosecutor. At the time of the trial Court's judgment denying my motion for relief, the criminal affidavit was still not resolved. Several motions for the Fuhry's disqualification from the bench had been filed. Judge Fuhry refused to recuse himself due to his obvious prejudice against me in the case, and continued to act with prejudice against me in the case. According to Code of Judicial Conduct Rule 2.11, Fuhry should have recused himself from the bench long before he had the opportunity to once again act with prejudice and deny my motion for relief. [sic]

[4.] The trial court had prior knowledge final judgment from which I sought relief was prejudiced, unfair, and in violation of law. The trial court knowingly rendered judgment based upon the false premise that a settlement had been agreed upon by all parties when no such settlement had been reached by all parties. The final judgment was also in violation of Rule 75(M) of the Ohio Rules of Civil Procedure because it was not based upon credible evidence nor did it equally divide property and debt between the parties. Several problems existed with the case prior to the final judgment as a result of misconduct and crime. The trial court was aware of all of these problems but proceeded with final judgment anyways. With this prior knowledge and prejudice, the trial court's pattern of abuse and prejudice was knowingly perpetuated by denying my motion for relief. [sic]

[5.] The trial court should have granted judgment in my favor for relief in entirety. The Plaintiff failed to timely respond to my Motion for Relief from Judgment. On October 14, 2016, I filed a motion for Judgment 60 days later after Defendant had not timely replied to my motion. The trial court should have granted relief as a matter of law. [sic]

{¶5} Within these assignments of error, appellant alleges (1) the trial court committed violations of the Ohio Code of Judicial Conduct; (2) the trial court erred when it denied appellant's motion for relief from judgment because the underlying divorce decree was "prejudiced, unfair, and in violation of law, not agreed upon, [and] in

3

violation of [Civil] Rule 75(M)"; (3) the trial court erred in not granting relief from judgment by default after appellee did not timely reply to the motion; and (4) the trial court committed retaliation in violation of R.C. 2921.05.

{¶6} For the following reasons, none of these arguments are well taken.

{¶7} First, allegations of judicial misconduct under the Ohio Code of Judicial Conduct are within the jurisdiction of the Board of Commissioners on Grievances and Discipline for the Supreme Court of Ohio; thus, the instant appeal is not the proper venue for such arguments. *Grubb v. Karras*, 11th Dist. Lake No. 2000-L-099, 2001 WL 799764, *6 (July 13, 2001); *State v. Wright*, 10th Dist. Franklin No. 03AP-470, 2004-Ohio-677, ¶10 (citations omitted).

{¶8} Second, appellant did not raise any arguments before the trial court as to the merits of his motion for relief from judgment, and an appellate court may not consider arguments raised for the first time on appeal. *Tryon v. Tryon*, 11th Dist. Trumbull No. 2007-T-0030, 2007-Ohio-6928, ¶29, citing *JP Morgan Chase Bank v. Ritchey*, 11th Dist. Lake No. 2006-L-247, 2007-Ohio-4225, ¶27, and *State v. Awan*, 22 Ohio St.3d 120 (1986), paragraph one of the syllabus.

{¶9} Third, there is no rule of law that requires a motion for relief from judgment to be granted by default when the opposing party delays in filing a response. A party moving for relief from judgment is only entitled to relief when the movant (1) demonstrates that he or she has a meritorious defense or claim to present if relief is granted; (2) establishes one of the grounds for relief stated in Civ.R. 60(B); and (3) brings the motion within a reasonable time, not more than one year after the judgment where the grounds for relief are Civ.R. 60(B)(1), (2) or (3). *GTE Automatic Elec., Inc. v.*

4

*ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A movant may also seek relief based on the trial court's clerical mistakes, pursuant to Civ.R. 60(A). As stated above, appellant did not raise any arguments before the trial court as to the merits of his motion for relief from judgment. He merely stated he sought relief under Civ.R. 60 and recited the language of the rule.

{¶10} Finally, we cannot entertain appellant's allegations that the trial court committed a violation of R.C. 2921.05; an appellate court is not the proper venue for a litigant to lodge a criminal complaint against a trial court judge. Our review is limited to whether the trial court's denial amounted to an abuse of discretion. *GTE*, *supra*, at 150. Appellant has not demonstrated on appeal that the trial court abused its discretion when it denied his motion for relief from judgment.

{¶11} Appellant's assignments of error are without merit.

{¶12} The judgment of the Geauga County Court of Common Pleas, denying appellant's motion for relief from judgment, is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

5