[Cite as *State ex rel. Ames v. Geauga Cty. Bd. of Dev. Disabilities*, 2024-Ohio-5441.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2024-G-0032 |
| Relator-Appellant, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| GEAUGA COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, | Trial Court No. 2024 M 000125 |
| Respondent-Appellee. | |

## O P I N I O N

Decided: November 18, 2024
Judgment: Affirmed

*Barry M. Ward*, Barry M. Ward Co., LPA, 304 North Cleveland-Massillon Road, Akron, OH 44333 (For Relator-Appellant).

*Matthew John Markling*, McGown & Markling Co., LPA, 1894 North Cleveland-Massillon Road, Akron, OH 44333 (For Respondent-Appellee).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Brian M. Ames, appeals the judgment dismissing his complaint for declaratory and injunctive relief. We affirm.

{¶2} In February 2024, Ames filed a "VERIFIED COMPLAINT IN DECLARATORY JUDGMENT AND INJUNCTION FOR ENFORCEMENT OF R.C. 121.22," which he captioned as "State of Ohio ex rel. Brian M. Ames[,] Relator v. Geauga County Board of Developmental Disabilities[,] Respondent." In the complaint, Ames maintained that respondent ("the board") held meetings in 2023 during which: executive

sessions were held without a motion and roll call vote; matters or purposes for entering into executive sessions were incompletely stated; and the board adjourned after executive sessions without reopening to the public. Ames further alleged that the minutes of the board's meetings were not full and accurate.

{¶3} On April 17, 2024, the board moved for a more definite statement, seeking clarification as to the authority on which Ames brought the action in the name of the State of Ohio. Ames responded in opposition to the motion. The trial court denied the motion, holding that whether Ames was entitled to bring the action on behalf of the State of Ohio was a question of law and not suitable for review under a motion for a more definite statement.

{¶4} On May 14, 2024, the board moved to dismiss the complaint on the ground that it was not prosecuted in the name of the real party in interest and thus failed to state a claim upon which relief could be granted. Ames responded in opposition to the motion. In his response, Ames included a "partial list of the many cases brought to enforce R.C. 121.22 in the name of the State of Ohio." He further argued that the State of Ohio was the real party in interest and maintained that an action for an injunction is similar to that for a writ of mandamus, the latter of which must be sought by petition in the name of the state on the relation of the person applying for the writ.

{¶5} On June 7, 2024, the trial court granted the board's motion and dismissed Ames' complaint without prejudice.[1]

---

1. Generally, "[a] dismissal without prejudice is not a final, appealable order." *State ex rel. Automation Tool & Die, Inc. v. Kimbler*, 2001 WL 363292, *2 (9th Dist. Apr. 4, 2001), citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 597 (1999). Nonetheless, a judgment granting a Civ.R. 12(B)(6) motion to dismiss without prejudice may be appealable where the plaintiff is unable to plead its claims differently to state a claim for relief. *Martin v. Ohio Univ.*, 2023-Ohio-2511, ¶ 23 (4th Dist.), *appeal not allowed*, 2024-Ohio-163. Such is the case where the court has found the complaint deficient on the basis of a party's standing to bring a

2

{¶6} In his three assigned errors, Ames argues:

[1.] The trial court erred by granting the Board's Motion to Dismiss based on its interpretation of the Supreme Court of Ohio Writing Manual.

[2.] The trial court erred by granting the Board's Motion to Dismiss based on its interpretation of an outdated dictionary definition.

[3.] The trial court erred by granting the Board's Motion to Dismiss based on its inability to find of (sic.) any non-mandamus actions brought by individuals on behalf of the State of Ohio based on alleged violations of R.C. 121.22 aside from Mr. Ames' cases.

{¶7} As set forth above, the trial court granted the board's motion to dismiss Ames' complaint on the basis that the complaint was not brought in the name of the real party in interest. "If a claim is asserted by a party who is not the real party in interest, then the party lacks standing to prosecute the action." *Kolkowski v. Ashtabula Area Teachers Assn.*, 2022-Ohio-3112, ¶ 28 (11th Dist.), citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998). "A lack of standing challenges the capacity of a party to bring an action but does not challenge the subject matter jurisdiction of the court." *Kolkowski* at ¶ 28, citing *State ex rel. Jones*. "Accordingly, a motion to dismiss for lack of standing is properly brought pursuant to Civ.R.12(B)(6) for failure to state a claim upon which relief can be granted." *Kolkowski* at ¶ 28, citing *Brown v. Columbus City Schools Bd. of Edn.*, 2009-Ohio-3230, ¶ 4 (10th Dist.).

{¶8} "'An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.'" *Kolkowski* at ¶ 19, quoting *Bliss v. Chandler*, 2007-Ohio-

claim. *Id.* at ¶ 23. Given that the sole issue in the present case pertains to the proper party in interest, we conclude that dismissal constitutes a final, appealable order.

3

Case No. 2024-G-0032

6161, ¶ 91 (11th Dist.). "In reviewing a Civ.R 12(B)(6) ruling, any allegations and reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Kolkowski* at ¶ 19, citing *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "'[I]t must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Kolkowski* at ¶ 19, quoting *McKinley* at ¶ 12.

{¶9} With respect to dismissal for failure to prosecute a claim in the name of the real party in interest, Civ.R. 17(A) provides:

> (A) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. *When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state.* No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Emphasis added.)

{¶10} Here, Ames brought the complaint on the relation of the State of Ohio, alleging violations of R.C. 121.22. Division (I)(1) of that section provides:

> *Any person* may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person,

4

Case No. 2024-G-0032

> the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

(Emphasis added.)

{¶11} Thus, R.C. 121.22 does not explicitly provide that an action to enforce its provisions be brought "in the name of the state." *See* Civ.R. 17(A).

{¶12} In its June 7, 2024 judgment, the trial court held that the complaint was "deficient on its face, having been brought in the name of the State of Ohio." In its reasoning, as relevant to Ames' first and second assigned errors, the trial court relied on the *Supreme Court of Ohio Writing Manual* and *Black's Law Dictionary* regarding the use of "ex rel." in a case caption.

{¶13} With respect to the *Writing Manual*, the court quoted the following case caption notation: "NOTE: In actions involving the extraordinary writs of mandamus, prohibition, procedendo, and quo warranto, the party bringing the action is the relator and the party against whom the action is brought is the respondent." *The Supreme Court of Ohio Writing Manual*, 109, Section C (3d Ed. 2024). Thereafter, the court noted that Ames' complaint did not involve an extraordinary writ.

{¶14} With respect to *Black's Law Dictionary* (6th Ed. 1994), the court quoted the entry for "ex rel." or "ex relations" as follows:

> Legal proceedings which are instituted by the attorney general (or other proper person) in the name and *behalf of* the state, but on the information and at the instigation of an individual who has a private interest in the matter, are said to be taken "on the relation" (ex relatione) of such person, who is called the "relator."

5

Case No. 2024-G-0032

(Emphasis added in trial court's judgment.) Thereafter, the trial court noted that Ames did not appear to be a proper person to bring this complaint on behalf of the State of Ohio, and it stated that Ames did not provide any authority that would permit him to do so.

{¶15} Ames maintains that the trial court erred in relying on the *Writing Manual* and *Black's Legal Dictionary* because neither are "law" pursuant to the Ohio Code of Judicial Conduct, Rule 2.2, which provides, "A judge shall uphold and apply the *law*, and shall perform all duties of judicial office fairly and *impartially*." (Emphasis in original.) "'Law' encompasses court rules, including this code and the Ohio Rules of Professional Conduct, statutes, constitutional provisions, and decisional law." Ohio Code of Judicial Conduct, Terminology.

{¶16} Thus, Ames appears to construe the ethical rule as precluding a court from relying on secondary sources or reference materials in reaching a decision.

{¶17} Although we disagree with Ames' interpretation of Rule 2.2, to the extent that Ames argues the trial court violated the Code of Judicial Conduct, this matter is not properly before us. "[A]llegations of judicial misconduct under the Ohio Code of Judicial Conduct are within the jurisdiction of the Board of Commissioners on Grievances and Discipline for the Supreme Court of Ohio; thus, the instant appeal is not the proper venue for such arguments." *Filby v. Filby*, 2017-Ohio-4377, ¶ 7 (11th Dist.), citing *Grubb v. Karras*, 2001 WL 799764, *6 (11th Dist. July 13, 2001); *State v. Wright*, 2004-Ohio-677, ¶ 10 (10th Dist.).

{¶18} Insofar as Ames' first and second assigned errors could be read as challenging *the substance* of the reference materials on which the court relied, we

6

proceed to review Ames' first and second assigned errors in combination with his third assigned error.

{¶19} We first note that Ames advances no specific argument challenging the *Writing Manual* notation regarding the usage of "ex rel." in original actions. However, he contends that if the *Writing Manual* were a "court rule," then in *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2022-Ohio-4237, "the Supreme Court would most assuredly have held sua sponte that Hicks could not proceed as it was being prosecuted in the name of the state. It did not do so and that decision is binding on all courts in Ohio."

{¶20} However, the trial court referenced the above quoted notation in the *Writing Manual* in addressing actions where "ex rel." is generally used. The trial court neither stated that the *Writing Manual* was binding authority, nor did it hold that the use of "ex rel." was specifically limited to actions involving the extraordinary writs listed in the notation.

{¶21} Further, *State ex rel. Hicks* was a jurisdictional appeal, and none of the propositions of law accepted by the Supreme Court involved whether the action was properly brought on the relation of the State of Ohio. *See State ex rel. Hicks* at ¶ 9, 20, 39. In addition, there is no indication that the respondent in that case at any time moved to dismiss the complaint for its failure to be brought in the name of the real party in interest. *See id.*; *see also State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2021-Ohio-998 (12th Dist.). Ames' confidence that the Ohio Supreme Court would have sua sponte addressed a forfeited and unbriefed issue in support of reversal of the lower courts runs counter to general principles of appellate review. *See, e.g., State v. Quarterman*, 2014-Ohio-4034, ¶ 15-20.

7

**{¶22}** With respect to the trial court's reliance on the entry for "ex rel." in *Black's Law Dictionary*, Ames cites to a more recent edition of *Black's Law Dictionary* than that utilized by the trial court, which states as follows:

> *ex rel. abbr.* [Latin *ex relatione* "by or on the relation of"] (1838) On the relation or information of. A suit *ex rel.* is typically brought by the government upon the application of a private party (called a *relator*) who is interested in the matter.

Ames notes that this entry for "ex rel.," unlike the entry provided by the trial court from the sixth edition of *Black's Law Dictionary*, published in 1994, does not reference a "proper person" bringing an action on the relation of another.

**{¶23}** However, regardless of which edition of *Black's Law Dictionary* is used to define "ex rel.," the issue in this case is whether Ames was permitted to prosecute this action on the relation of the State of Ohio.

**{¶24}** In addressing this issue, the trial court stated:

> In fact, the Court could find no instance of a private citizen bringing a claim on behalf of the State of Ohio for anything other than actions for mandamus and prohibition where a 12(B)(6) motion was at issue. In fact, aside from Mr. Ames' cases, the Court is unaware of any non-mandamus actions brought by individuals on behalf of the State of Ohio based on alleged violations of R.C. § 121.22.

**{¶25}** In support of his third assigned error, Ames maintains that he responded in opposition to the motion to dismiss with a "substantial list of cases brought in the name of the state in various courts throughout Ohio, including one recently brought in the same court: *State ex rel. Open Government Advocates v. We[s]t Geauga LSD Board of Education*, Geauga C.P. 24M000072 Judge David Ondrey." Further, Ames notes that he included on this list the case of *State ex rel. Hicks*, 2022-Ohio-4237, discussed above.

8

{¶26} However, again, the issue dispositive of this appeal is whether a complaint filed under R.C. 121.22 *should be dismissed on a Civ.R. 12(B)(6) motion* where it is filed on the relation of the State of Ohio. Ames does not argue that any of the cases on which he relies address this issue.

{¶27} As recognized by the trial court, unlike R.C. 2731.04, which requires petitions for mandamus to be brought "in the name of the state on the relation of the person applying," R.C. 121.22 provides that "any person" may bring an action to enforce the provisions contained in that section. Nothing in R.C. 121.22 provides that an action to enforce its provisions be brought in the name of the State of Ohio. And, as addressed above, Civ.R. 17(A), states that "[w]hen a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state."

{¶28} As the statute does not authorize an action to enforce its provisions be prosecuted by a private individual on behalf of the State, the trial court did not error in dismissing the complaint.

{¶29} Accordingly, Ames' assigned errors lack merit.

{¶30} The judgment is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-G-0032