[Cite as *State ex rel. Ames v. Kinsman Twp. Bd. of Trustees*, 2026-Ohio-605.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | **CASE NO. 2025-T-0051** |
| Relator-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| BRIAN M. AMES, | |
| Plaintiff-Appellant, | Trial Court No. 2024 CV 02269 |
| - vs - | |
| KINSMAN TOWNSHIP BOARD<br>OF TRUSTEES, | |
| Respondent-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Reversed and remanded

*Brian M. Ames,* pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Christine C. Davis*, 8561 Turner Mullen Road, Kinsman, OH 44428 (For Respondent-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Brian Ames, individually and in the name of the State of Ohio (ex relator), appeals the judgment of the Trumbull County Court of Common Pleas dismissing his "Verified Complaint in Mandamus for Preparation of Full and Accurate Meeting Minutes and in Declaratory Judgment and Injunction for Enforcement of R.C. 121.22," which he filed against Appellee, Kinsman Township Board of Trustees.

{¶2} Appellant has raised two assignments of error arguing: (1) the trial court erred in granting Appellee's Second Motion to Dismiss on the basis that he sought relief under R.C. 121.22 in the name of the State of Ohio and because Appellant lacked individual standing to bring a Complaint for public records against Appellee; and (2) the trial court erred in denying his Civ.R. 12(C) Motion for Judgment on the Pleadings.

{¶3} Herein lies the root of the issue before us.

{¶4} First, an action in mandamus is a statutory creature in Ohio. R.C. Ch. 2731. It begins with an "application" that "must be by *petition*, in the name of the state on the relation of the person applying . . . ." (Emphasis added.) R.C. 2731.04. There is no "complaint," verified or otherwise, for a writ of mandamus.

{¶5} On the other hand, Ohio's Open Meetings Act may be enforced through an action by "any person." R.C. 121.22(I)(1).

{¶6} One of Appellant's claims (for a writ of mandamus) requires a "petition" brought on behalf of the State. Appellant has not done this. The other claim (seeking declaratory and injunctive relief to enforce R.C. 121.22) **cannot** be brought on behalf of the State of Ohio because no statute provides for that. *See* Civ.R. 17(A); *State ex rel. Ames v. Geauga Cty. Bd. of Dev. Disabilities*, 2024-Ohio-5441, ¶ 10-11 (11th Dist.). Appellant filed his Complaint in both his individual capacity and in the name of the State of Ohio.

{¶7} So, Appellant simply tried to do what Civ.R. 18(A) expressly allows, to "join, either as independent or as alternate claims, as many claims . . . as he has against an opposing party." The central issue, then, is whether Appellant may, in both his individual

capacity and in the name of the State of Ohio, file a single case that seeks both mandamus relief and declaratory and injunctive relief to enforce R.C. 121.22.

{¶8} Having reviewed the record and the applicable caselaw, we find Appellant's first assignment of error has merit. The trial court erred as a matter of law in dismissing Appellant's claims for mandamus and injunctive and declaratory relief. Appellant may bring a claim in the name of the State of Ohio to seek a writ of mandamus compelling a public body to prepare or maintain meeting minutes. R.C. 2731.04; *State ex rel. Long v. Cardington Village Council*, 2001-Ohio-130, ¶ 34. In addition, "any person," including Appellant, may bring an action for declaratory and injunctive relief against a public body to enforce R.C. 121.22.

{¶9} However, we also conclude that Appellant may not bring a claim for mandamus relief in the name of the State of Ohio and a claim to enforce R.C. 121.22 in a single case. On remand, pursuant to Civ.R. 21, the trial court should sever the single claim for a Writ of Mandamus, brought in the name of the State of Ohio, from the claim for declaratory and injunctive relief, brought by Appellant individually. They should proceed separately, subject to the trial court's authority to consolidate the cases pursuant to Civ.R. 42(A).

{¶10} Therefore, the judgment of the Trumbull County Court of Common Pleas is reversed. This matter is remanded to the point of error, i.e. the trial court's granting Appellee's Second Motion to Dismiss.

**Substantive and Procedural History**

{¶11} On December 19, 2024, Appellant filed a "Verified Complaint in Mandamus for Preparation of Full and Accurate Meeting Minutes and in Declaratory Judgment and

Case No. 2025-T-0051

Injunction for Enforcement of R.C. 121.22." Appellant captioned the Complaint in the name of the State of Ohio ex rel. Brian Ames as Relator and also himself in his individual capacity as Plaintiff.

{¶12} In the Complaint, Appellant alleged he had standing under both R.C. 2731.04 and R.C. 121.22(I)(1).

{¶13} Count One of the Complaint alleged that on specified dates Appellee had failed to keep full and accurate meeting minutes in violation of R.C. 121.22(C).

{¶14} Count Two of the Complaint alleged that on specified dates Appellee held executive sessions for an unapproved purpose in violation of R.C. 121.22(G).

{¶15} Appellant's prayer for relief requested that the trial court:

(a) Issue a declaratory judgment finding that Appellee had violated R.C. 121.22;

(b) Issue an injunction against Appellee for the violations set forth in Count One, enjoining Appellee to maintain full and accurate meeting minutes;

(c) Issue a writ of mandamus ordering Appellee to prepare full and accurate meeting minutes in compliance with R.C. 121.22;

(d) Issue an affirmative injunction against Appellee for the violations set forth in Count Two, enjoining Appellee from holding executive sessions for unauthorized purposes;

(e) Declare all resolutions, rules, or formal actions taken in improper executive session to be invalid pursuant to R.C. 121.22(H);

(f) Order Appellee to pay Appellant a statutory penalty for each violation as mandated by R.C. 121.22(I)(2)(a);

(g) Award Appellant court costs and reasonable attorney fees;

(h) Any other just and equitable relief.

{¶16} On January 14, 2025, Appellee filed its Answer.

Case No. 2025-T-0051

{¶17} On January 14, 2025, Appellee filed a combined Motion to Dismiss and a Motion for Judgment on the Pleadings Pursuant to Civ.R. 12(C) in the Alternative. On February 20, 2025, Appellant filed a response in opposition.

{¶18} On April 3, 2025, the trial court denied Appellee's combined Motion to Dismiss and Motion for Judgment on the Pleadings.

{¶19} On April 8, 2025, Appellee filed a Second Motion to Dismiss. Citing our opinion in *State ex rel. Ames v. Geauga Cty. Bd. of Developmental Disabilities*, 2024-Ohio-5441 (11th Dist.), Appellee argued that Appellant could not bring a claim under R.C. 121.22 in the name of the State of Ohio. Appellee also argued that Appellant lacked standing in his individual capacity to bring a claim under R.C. 121.22 because Appellant did "not have a nexus to the township, does not live there, did not attend any of the meetings in the filing, and has alleged no injury to himself in order to achieve standing."

{¶20} On April 15, 2025, Appellant filed his Response in Opposition to the Second Motion to Dismiss. Appellant argued that his Complaint "join[ed] two actions, one sounding in mandamus and another sounding in declaratory judgment and injunction." He argued that as Relator, he brought the complaint in mandamus to seek an order compelling Appellee to prepare "full and accurate meeting minutes." He said paragraph (C) of his prayer for relief sounded in mandamus and was accordingly brought in the name of the State of Ohio and verified by affidavit as required under R.C. 2731.04. Next, he argued that the remaining prayers for relief in his Complaint were brought in his individual capacity for declaratory judgment and an injunction to seek enforcement of R.C. 121.22. He argued that "any person" may bring an action to enforce R.C. 121.22.

Case No. 2025-T-0051

{¶21} Also on April 15, 2025, Appellant filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C).

{¶22} On April 30, 2025, Appellee filed a combined Reply to Appellant's Response and a Response to Appellant's Motion for Judgment on the Pleadings.

{¶23} On August 13, 2025, the trial court issued a Judgment Entry which provides the following, in full:

> This matter came before the Court on [Appellee's], Kinsman Township Board of Trustees, Motion to Dismiss. The Court reviewed the recent case law of the Eleventh District (*State of Ohio Ex Rel. Brian M. Ames v. Geauga County Board of Developmental Disabilities*, 2024-Ohio-5441, 11th Dist.) and agrees with [Appellee]. [Appellant] cannot bring a claim in the name of the State of Ohio, which he has done in this matter. [Appellant] then added himself to the Complaint. [Appellant], Brian Ames, however, lacks standing to bring his Complaint.
>
> The Court, therefore, grants [Appellee's] Motion to Dismiss. Costs to be paid by [Appellant].
>
> IT IS SO ORDERED.

{¶24} The trial court did not further explain its reasoning.

{¶25} Appellant timely filed this appeal raising two assignments of error.

**Assignments of Error and Analysis**

{¶26} Appellant's first assignment of error states: "The trial court committed reversible error by granting Respondent/Defendant Kinsman Township Board of Trustees' Second Motion to Dismiss. (T.d. 18)."

{¶27} An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Dismissal is appropriate only if it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d

242 (1975), syllabus; *see also State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 10. A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. The court generally cannot rely on evidence outside the complaint when ruling on such a motion. *State ex rel. Fuqua v. Alexander*, 1997-Ohio-169, ¶ 5. In construing the complaint, a court must presume all factual allegations are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). However, a court should not accept as true any unsupported legal conclusions in the complaint. *See id.* at 193.

{¶28} "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 1998-Ohio-385, ¶ 10.

{¶29} R.C. 2731.04 provides:

Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice.

{¶30} R.C. 121.22(I)(1) provides:

Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

{¶31} Ohio's Open Meetings Act, set forth in R.C. 121.22, "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). "One of the strengths of American government is the right of the public to know and understand the actions of their elected representatives. This includes not merely the right to know a government body's final decision on a matter, but the ways and means by which those decisions were reached." *White v. Clinton Cty. Bd. of Commrs.*, 1996-Ohio-380, ¶ 10. "The intent of the OMA is to prevent public bodies from engaging in secret deliberations on public issues with no accountability to the public." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3730, ¶ 45 (11th Dist.); *State ex rel. Cincinnati Post v. Cincinnati*, 1996-Ohio-372, ¶ 23. Courts must avoid construing a statute in a way that would "result in circumventing the evident purpose of the enactment." *Id.* at ¶ 21, quoting *State ex rel. Brown v. Milton-Union Exempted Village Bd. of Edn.*, 40 Ohio St.3d 21, 27 (1988).

{¶32} Appellant's first assignment of error raises two main issues:

{¶33} First, whether a petition brought in the name of the State of Ohio (ex relator) may seek mandamus relief under R.C. 2731.04 to compel a public body to comply with R.C. 121.22 by ordering it to prepare, file, and maintain full and accurate meeting minutes. Relying on *State ex rel. Ames v. Geauga Cty. Bd. of Developmental Disabilities*, 2024-Ohio-5441 (11th Dist.), Appellee argues "[t]he Ohio General Assembly did not envision and does not permit an aggrieved person to seek a writ of mandamus for violations of R.C. 121.22," either individually or in the name of the State of Ohio. Appellee argues that R.C. 121.22 "only allows for injunctive relief."

Case No. 2025-T-0051

{¶34} Second, whether an individual may seek to enforce R.C. 121.22 through a complaint for declaratory and injunctive relief where the individual is not aggrieved or has not alleged a personal stake in the controversy. Appellee argues that "[e]ven though" R.C. 121.22 "allows for a private individual to bring an action to enforce the statute, Brian Ames himself is not the real party in interest here." Appellee stresses that Appellant stated that his motivation to bring his claim was on behalf of the citizens of Ohio, who are entitled to know the actions of their government. Therefore, Appellee argues that even though Appellant brought his claims for declaratory and injunctive relief in his individual capacity, he is actually "bringing the suit in the Ex Relator capacity, which he is not allowed to do."

{¶35} In *State ex rel. Ames v. Geauga Cty. Bd. of Developmental Disabilities*, 2024-Ohio-5441 (11th Dist.), the appellant, Brian M. Ames, filed a complaint for declaratory and injunctive relief in the name of the State of Ohio. *Id*. at ¶ 2. Ames alleged that the Geauga County Board of Developmental Disabilities had violated assorted duties of a public body under R.C. 121.22. *Id.* The Board moved to dismiss Ames' Complaint "on the ground that it was not prosecuted in the name of the real party in interest and thus failed to state a claim upon which relief could be granted." *Id.* at ¶ 4. Ames argued that the State of Ohio was the real party "and maintained that an action for an injunction is similar to that for a writ of mandamus, the latter of which must be sought by petition in the name of the state on relation of the person applying for the writ." *Id.* Notably, Ames had not filed a petition for a writ of mandamus. *Id.* at ¶ 2-4. The trial court granted the Board's motion to dismiss and Ames appealed.

Case No. 2025-T-0051

{¶36} We held that Ames's complaint did not comply with Civ.R. 17(A) because "R.C. 121.22 does not explicitly provide that an action to enforce its provisions be brought 'in the name of the state.'" *Id.* at ¶ 10-11, citing Civ.R. 17(A).

{¶37} We differentiated between actions brought under "R.C. 2731.04, which requires petitions for mandamus to be brought 'in the name of the state on the relation of the person applying,'" and cases brought under R.C.121.22, which "provides that 'any person' may bring an action to enforce the provisions contained in that section." *Id.* at ¶ 27. "Nothing in R.C. 121.22 provides that an action to enforce its provisions be brought in the name of the State of Ohio." *Id.* at ¶ 27.

{¶38} It is important to distinguish between what we said and what we did not say in *State ex rel. Ames v. Geauga Cty. Bd. of Developmental Disabilities*. We held that a complaint for injunctive relief under R.C. 121.22 in the name of the State of Ohio does not comply with Civ.R. 17(A) and is properly dismissed. However, we did not hold that a petition for mandamus relief to remedy violations of R.C. 121.22 was improper.

{¶39} Ohio courts have established and confirmed that an action in mandamus is a proper procedure for compelling a public body to comply with R.C. 121.22. Where a public body within the meaning of R.C. 121.22(B) has not kept "full and accurate" records of the public body's proceedings due to inaccuracies or inadequate detail, an action in mandamus brought by a person ex rel. the name of the State of Ohio may seek a writ of mandamus to compel the public body to do so. *Long*, 2001-Ohio-130, at ¶ 34. Indeed, a mandatory injunction granted through the provisions of R.C. 121.22(I) "is not an adequate legal remedy precluding extraordinary relief in mandamus." *Id.* at ¶ 31. A court may issue a writ of mandamus ordering the preparation of meeting minutes. Therefore, a mandamus

Case No. 2025-T-0051

action filed in the name of the State is an appropriate statutorily-authorized proceeding to obtain relief.

{¶40}  This is different from a complaint ex rel. the State seeking an injunction to create public records in the name of the State. *State ex rel. Ames v. Geauga Cty. Bd. of Dev. Disabilities*, clearly held that it is procedurally defective. One of Appellant's prayers for relief is for a writ of mandamus compelling Appellee to create statutorily satisfactory meeting minutes. Whether Appellant's specific claim has merit or not is of no moment to our current inquiry. We simply hold it was proper for him to seek that relief.

{¶41}  However, this conclusion does not end our inquiry because we must also determine whether it was proper for Appellant to seek declaratory and injunctive relief in his individual capacity. Therefore, we turn to the dismissal of Appellant's remaining claims that he brought individually. After concluding that Appellant could not bring "a claim in the name of the State of Ohio," the trial court also concluded that Appellant "then added himself to the Complaint" and that Appellant also individually lacked standing to bring that Complaint.

{¶42}  Appellant's original Complaint listed both Brian Ames individually and the State of Ohio ex rel. Brian Ames. Thus, Appellant did not add himself individually to the Complaint in an attempt to salvage his claim. Instead, he filed his Complaint with the express purpose of bringing two claims, one that sounded in mandamus and the other for declaratory and injunctive relief.

{¶43}  Appellee's argument is unconvincing. It is grounded, largely, in inferences about Appellant's motivations for bringing his claim as a means to actually file an ex relator proceeding. As discussed above, Ohio's Open Meetings Act is intended to be

liberally construed to advance the purpose of holding public bodies accountable to the public. Appellant's stated motive for bringing a suit under R.C. 121.22 is not determinative. "Any person" may seek to enforce the Open Meetings Act, even if they have no specific purpose in doing so at all.

{¶44} The ability of the public to enforce these laws enhances the inherent strength of our system of government because accountability to the law in and of itself advances the legislature's purpose of preventing public bodies from engaging in conduct that would otherwise circumvent accountability to the public. Thus, "any person" need not demonstrate a motivation for seeking to enforce R.C. 121.22. We must not interpret R.C. 121.22 in a way that would limit the purpose of the legislature in enacting the statute. Testing the *motivation* of a complainant as Appellee suggests we do here would yield just such a result.

{¶45} On the other hand, where the allegations in a petition for a writ of mandamus indicate that the real *purpose* of the complaint is a declaratory judgment and prohibitory injunction, the complaint for a writ of mandamus must be dismissed. *State ex rel. Edwards Land Co., Ltd. v. Delaware Cty. Bd. of Elections*, 2011-Ohio-4397, ¶ 14. Nevertheless, a mandamus action is proper "where there is a legal basis to compel a public entity to perform its duties under the law." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9. "Standing alone, a declaratory judgment cannot compel a government official to perform a specific legal duty." *Id.* at ¶ 10. "Thus, a declaratory judgment must be accompanied with injunctive relief in the form of a mandatory injunction in order to successfully compel the government to act." *Id.*

{¶46} The trial court did not explain its reasoning for why Appellant lacked standing individually to bring his Complaint. However, in its Motion to Dismiss, Appellee argued that Appellant did "not have a nexus to the township, does not live there, did not attend any of the meetings in the filing, and has alleged no injury to himself in order to achieve standing."

{¶47} In interpreting a statute, a court shall not ignore plain and unambiguous language. *State v. Krutz*, 28 Ohio St.3d 36, 38 (1986). R.C. 121.22(I)(1) provides that "any person" may bring a claim to enforce its provisions. The "any person" language in R.C. 121.22(I)(1) is an unambiguous term that plainly means that any individual may bring an action alleging a violation of the Open Meetings Act; nothing further is required. *Doran v. Northmont Bd. of Edn.*, 2003-Ohio-4084, ¶ 20 (2d Dist.). There is no need for a party bringing an action under R.C. 121.22 to be aggrieved or to demonstrate a personal stake in the controversy. *State ex rel. Mason v. State Emp. Relations Bd.*, 133 Ohio App.3d 213, 218 (10th Dist. 1999). The statute does not require, as Appellee asserted without any supporting authority, that a claimant must have a "nexus" of relationship to the agency.

{¶48} We conclude the following: The trial court was correct that a plaintiff does not have standing to bring a claim for declaratory and injunctive relief seeking to enforce R.C. 121.22 in the name of the State of Ohio. However, the trial court erred by dismissing Appellant's claim sounding in mandamus for lack of standing because R.C. 2731.04 and R.C. 121.22 permit a relator to bring such a case in the name of the State of Ohio seeking to compel a public body to prepare, file, and maintain full and accurate meeting minutes.

*Long,* 2001-Ohio-130, at ¶ 34. That is exactly what Appellant did here when he filed his complaint in the name of the State of Ohio.

{¶49}  Next, the trial court erred as a matter of law in determining that Appellant did not have standing individually to maintain a claim to enforce R.C. 121.22. Appellant satisfies the "any person" requirement in the statute, and his lack of meaningful connection to Appellee does not determine whether he is a real party in interest with standing to enforce R.C. 121.22.

{¶50}  Finally, we determine that Appellant may not bring a claim for mandamus relief in the name of the State of Ohio and a claim to enforce R.C. 121.22 because a petition for writ of mandamus and a complaint for declaratory and injunctive relief are not properly filed as a single case. Civ.R. 18(A) provides that a party "may join, either as independent or as alternate claims, as many claims, legal or equitable, *as he has* against an opposing party." (Emphasis added.) As we discussed in *State ex rel. Ames v. Geauga Cty. Bd. of Developmental Disabilities*, 2024-Ohio-5441 (11th Dist.), Civ.R. 17(A) requires that "'[e]very action be prosecuted in the name of the real party in interest.'" *Id.* at ¶ 9, quoting Civ.R. 17(A). "In an action in mandamus, where the relator seeks to enforce a public right, the people of the State of Ohio are regarded as the real party[.]" *State ex rel. Ohio Motorists Assn. v. Masten*, 1982 WL 2644, *6 (8th Dist. Dec. 22, 1982).

> '[W]here the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has any . . . special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced . . . .'

*State ex rel. Nimon v. Springdale*, 6 Ohio St. 2d 1, 4 (1966), quoting 35 Ohio Jur.2d, §141, at 426.

Case No. 2025-T-0051

{¶51} Appellant, in his individual capacity, "has" a claim for declaratory and injunctive relief to enforce R.C. 121.22 against Appellee. However, Appellant misjoined the claim for mandamus relief because a petition for a writ of mandamus is an independent claim. It is not a claim "he has." If he did, he could bring it in his own name. But, he cannot. It must be brought in the name of the State of Ohio. R.C. 2731.04.

{¶52} Civ.R. 18(A) provides: "*A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.*" (Emphasis added.) We recognize that a party may seek relief under two different original actions, such as mandamus and procedendo, because Civ.R. 18 authorizes the joinder of claims. *State ex rel. Colonna v. Curran*, 1998 WL 741929, *2 (8th Dist. Oct. 22, 1998).

{¶53} However, in this case Appellant cannot bring all claims within a single capacity as "a party." He must bring one claim individually and one claim ex rel. the State of Ohio. Therefore, Civ.R. 18(A), which provides for joinder of multiple claims by "a party," does not permit Appellant to join these two claims. In essence, the two parties, Appellant in his individual capacity and Appellant ex rel. the State of Ohio, are misjoined because the two parties have brought different claims separate from each other, and while there are common facts, there are no common claims between the two parties.

{¶54} Civ.R. 21 provides that the "[m]isjoinder of parties is not ground for dismissal of an action. . . . Any claim against a party may be severed and proceeded with separately." "Thus, under Civ.R. 21, a court has the authority to remedy misjoinder by ordering that a party be dropped or that a claim be severed and proceeded with

Case No. 2025-T-0051

separately. However, the rule confers no authority upon the court to dismiss a claim for improper joinder." *Levy v. Univ. of Cincinnati*, 1987 WL 14677, *3 (1st Dist. Nov. 4, 1987).

{¶55} The proper means to bring these independent claims was for Appellant to file a petition for a writ of mandamus ex rel. the State of Ohio and to file a complaint for declaratory and injunctive relief in his individual capacity. On remand, the trial court should sever Appellant's claims into two cases: a Petition for a Writ of Mandamus, brought in the name of the State of Ohio, and his Complaint seeking declaratory and injunctive relief, brought by Appellant individually. If the trial court wishes, it may consolidate the cases pursuant to Civ.R. 42(A).

{¶56} Accordingly, Appellant's first assignment of error has merit.

{¶57} Appellant's second assignment of error states: "The trial court committed reversible error by denying Mr. Ames' Motion for Judgment on the Pleadings Civ.R. 12(C). (T.d. 18)."

{¶58} Our resolution of his first assignment of error requires that we remand this case to the point of error, i.e., the trial court granting Appellee's Second Motion to Dismiss. *State v. Howard*, 2025-Ohio-340, ¶ 32 (11th Dist.). Although we conduct a de novo review of a trial court's ruling on a motion for judgment on the pleadings, we are a court of review and decline to address this issue in the first instance without the benefit of the trial court ruling on Appellant's motion. *See Cty. Risk Sharing Auth., Inc. v. State*, 2022-Ohio-164, ¶ 12 (11th Dist.) (addressing summary judgment).

{¶59} Accordingly, Appellant's second assignment of error is without merit.

{¶60} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed. This matter is remanded to the point of error, i.e. the trial

Case No. 2025-T-0051

court's granting Appellee's Second Motion to Dismiss. On remand, pursuant to Civ.R. 21, the trial court should sever the single claim for a Writ of Mandamus, brought in the name of the State of Ohio, from the claim for declaratory and injunctive relief, brought by Appellant individually. They should proceed separately, subject to the trial court's authority to consolidate the cases pursuant to Civ.R. 42(A).

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0051

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed. This matter is remanded to the point of error, i.e., the trial court's granting Appellee's Second Motion to Dismiss. On remand, pursuant to Civ.R. 21, the trial court should sever the single claim for a Writ of Mandamus, brought in the name of the State of Ohio, from the claim for declaratory and injunctive relief, brought by Appellant individually. They should proceed separately, subject to the trial court's authority to consolidate the cases pursuant to Civ.R. 42(A).

Costs to be taxed against Appellee.

_____
JUDGE JOHN J. EKLUND


_____
JUDGE EUGENE A. LUCCI,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.